334 So.2d 154 (1976)
ROYAL SERVICES, INC., a Florida Corporation, Appellant,
v.
Henry J. WILLIAMS and Universal Maintenance and Management Company, a Corporation, Appellees.
No. 75-1154.
District Court of Appeal of Florida, Third District.
June 15, 1976.
Rehearing Denied July 9, 1976.
*155 Millar & Lally, Jacksonville, for appellant.
Phillips & Phillips, Miami, for appellees.
Before BARKDULL, C.J., HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
This is an appeal by the plaintiff below from an adverse judgment, in two actions which were consolidated in the trial court.
On July 12, 1974, the appellant Royal Services, Inc. filed an action against the appellee, Henry J. Williams, alleging breach by the latter of a non-compete contract and alleging loss resulting therefrom, seeking injunctive relief to enforce the contract and judgment for damages. A separate action was filed by Royal against the appellee Universal Maintenance and Management Co., seeking damages for alleged tortious interference by Universal with the Royal-Williams contract relationship.
The judgment entered in favor of the defendants, following trial of the actions before the court, set forth the facts as follows:
"The Plaintiff is engaged in the business of providing janitorial and cleaning services for various customers in Dade County, Florida.

*156 That the Defendant, HENRY WILLIAMS, was an unskilled employee of the Plaintiff, prior to June 1, 1974.
The Plaintiff was employed under a contract with the Keyes Management Company to perform cleaning and janitorial services in the Seybold Building, which services were terminated by the Keyes Management Company, on May 15, 1974.
The Seybold Building, was sold, and the management of said Building transferred to Seybold Associates, a limited partnership, on or about May 15, 1974.
The Seybold Associates did employ the services of the Plaintiff, for a period of two (2) weeks, and said services were terminated on May 31, 1974.
The Defendant, UNIVERSAL MAINTENANCE AND MANAGEMENT CO., was thereafter engaged to perform janitorial and cleaning services solely in the Seybold Building.
The Defendant, HENRY WILLIAMS, was employed by the Plaintiff on a certain written agreement dated July 9, 1971, which agreement contained no expiration date, but was for an undeterminable period of time. Said Agreement contained certain provisions wherein the Defendant, HENRY WILLIAMS, specifically agreed not to engage in the same business as maintained by the Plaintiff for a period of eighteen (18) months after termination of his employment.
The Defendant, HENRY WILLIAMS, did on or about May 31, 1974, terminate his employment with the Plaintiff.
On or about June 1, 1974, the Defendant, HENRY WILLIAMS, was employed by the Defendant, UNIVERSAL MAINTENANCE AND MANAGEMENT CO., a Florida Corporation.
* * * * * *
The Defendant, UNIVERSAL MAINTENANCE AND MANAGEMENT CO., did not influence nor did it exercise any control in regard to the decision of the Defendant, HENRY WILLIAMS, to terminate his employment with the Plaintiff.
The Plaintiff has wholly failed to show by testimony or documentary evidence, that it has sustained any loss of monies or other damage by virtue of the termination of employment of HENRY WILLIAMS, and his subsequent employment with the Defendant, UNIVERSAL MAINTENANCE AND MANAGEMENT CO., a Florida Corporation.
* * * * * *
The Court further finds that there is no testimony by any of the witnesses, nor any documentary proof before the Court to establish any basis to reflect any loss sustained by the Plaintiff herein, * * *."
Following the above findings, the trial court held the restrictive covenants made by Williams were not reasonable in that they went "beyond the scope of protecting any interest of the employer", and would be unduly and harsh and oppressive to Williams. Further, the court held "[T]hat the agreement between the parties herein cannot be enforced, for that such agreement amounts to an undue and an unreasonable restraint of trade and would be detrimental to the public welfare and obnoxious to public policy".
As an exception to the law that contracts by which anyone is restrained from exercising a lawful profession, trade or business is void (§ 542.12(1), Fla. Stat., F.S.A.), it is provided by statute (§ 542.12(2), Fla. Stat., F.S.A.) that "one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, * * * so long as such employer continues to carry on a like business therein." That statutory provision has been held to be valid. Capelouto v. Orkin, *157 Exterminating Co. of Fla., Fla. 1966, 183 So.2d 532.
Without the need of further discussion, we hold the trial judge correctly entered judgment in favor of the defendant-appellee Universal Maintenance and Management Co. We hold also, that the court did not commit error in ruling that the plaintiff had not made a case for recovery of damages from the defendant-appellee Williams.
However, the trial court was in error in holding the non-compete contract was not valid and enforceable, and we reverse the judgment so holding. The period of time and the area fixed for the non-competition do not appear to be unreasonable, and the court did not find or hold that they were. The trial court was not at liberty to elect not to enforce the non-compete contract. See Storz Broadcasting Co. v. Courtney, Fla.App. 1965, 178 So.2d 40, 42. Cf. Atlas Travel Service v. Morelly, Fla.App. 1957, 98 So.2d 816, 818.
In Miller Mechanical, Inc. v. Ruth, Fla. 1974, 300 So.2d 11, the Supreme Court said: "[T]he Court may award damages for breach of contract but the normal remedy is to grant an injunction". Here, where the court found there were no recoverable damages, the indicated remedy was to enjoin the defendant employee from performing acts in violation of the contract, during the period of time provided in the contract, or for such portion thereof as remained unelapsed.
We are now confronted with the question of whether the non-compete contract is to be enforced following this reversal.
The difficulty that question presents at this stage of the case results from the fact that the 18-month period of time provided in the contract for non-competition, elapsed approximately six months ago. The employment of Williams by Royal ended on or about June 1, 1974. The 18-month non-competition period ended on December 1, 1975. The trial court's judgment was entered on June 26, 1975. At that time, or earlier, the trial court could, and should have enforced the contract by injunction against Williams for the balance of the time provided in the contract. As a result of the time consumed on the appeal from the judgment, it is now two years since Williams terminated his employment by Royal.
At this time, enforcement of the contract by injunction is not moot in law, but would appear to be moot as a practical matter. The time period which the parties to the contract fixed, as being that which the employer determined was needed for his protection, and the period for which the employee was willing to agree not to compete, was 18 months from and following termination of the employment. It would be contrary to those considerations of the parties, and to the terms of the contract, to now require Williams to observe the non-compete provision of the contract in the future for 18 months or for any part thereof. The circumstances of the parties at this later date are not known. The agreed period for the non-competition expired months ago.
From the standpoint of the employer, it is unfortunate that enforcement of this valid contract was not forthcoming by a timely injunction, within the 18-month period following termination of the employment. Cases of this kind should be determined expeditiously, so as to prevent an employee's violation of such a contract to continue well into or beyond the non-competition period thereof. Delay in enforcement can operate to deprive the employer of the benefit of the contract. To avoid that there are procedures which may be employed to advance cases in the trial court when essential to the rights of a party. If a preliminary injunction is denied, on appeal therefrom injunctive type relief could be obtained from the appellate court *158 on a proper showing of entitlement thereto, under Rule 4.5(g) F.A.R.
Accordingly, we affirm the judgment in favor of the defendant Universal Maintenance and Management Co., and reverse the judgment to the extent that the court therein held the non-compete contract was invalid and unenforceable. However, in view of the finding of the court that Royal proved no damages against the defendant Williams, and the fact that the period of non-competition contracted for has elapsed, the cause will not be remanded for further proceedings.
Affirmed in part and reversed in part.