McNULTY, Chief Judge.
We reverse a final judgment wherein the trial court refused to award contractual liquidated damages resulting from breach of a lease.
*297 In February 1974, appellant Bill Heard Leasing, Inc., (Heard) entered into a truck lease and service agreement with appellee Rocco Enterprises, Inc., (Rocco) for the leasing of a vehicle specifically purchased, painted, and equipped for Rocco. The contract provided for weekly lease payments of a fixed amount plus a mileage charge, and Rocco’s obligations thereunder were guaranteed by appellee, John R. Rocco, Jr., personally.
By December 1974 the lease payments pursuant to the contract were over four months in arrears. In spite of repeated requests by Heard to bring the account current, the arrearages grew steadily larger. Heard notified Rocco and John R. Rocco, Jr., that it intended to exercise the termination option contained in the contract and that if payment of arrearages was not promptly remitted Heard would seek the damages specified in paragraph 21 thereof which, in addition to rental arrearages, provides that such damages were to be based on the contractually specified depreciated value of the vehicle on the date of termination, less the salvage value, plus all incidental costs.[1] Rocco had the option to avoid these damages totally by purchasing the vehicle at the depreciated value. Rocco did not opt to purchase the vehicle at the precomputed price, nor were any rental payments made thereafter. The arrearages continued to grow and, after repeated demands, Heard finally brought this action seeking the damages provided for in paragraph 21.
At trial, the executed contract and guarantee were not contested and, after resolving some minor discrepancies, the amount of the lease payment arrearages was agreed upon. The mailing and receipt of the plaintiff’s demands for payment of ar-rearages, election to terminate the contract, and demand for purchase of the vehicle in question were all acknowledged by the defendants. Further, the plaintiff’s evidence of the reasonable salvage value of the vehicle at the time of termination was not controverted.
Although the trial judge found that Rocco had breached the contract by failing to pay the lease payments when due, he' refused to award Heard the damages as provided for in paragraph 21, apparently because he determined them to constitute a> forfeiture rather than “liquidated damages.” We disagree.
The law is clear that when the damages a party may sustain in the event of a breach of contract are not readily ascertainable, are uncertain, or are not easily susceptible of proof, a contractual provision specifying the computation of such damages assists all parties involved in determining their obligations in the event of a breach.[2] In general, so long as a liquidated damages clause is reasonable under the circumstances, provides for a computation of damages which are by their nature uncertain, and so long as it is apparent that the parties intended the clause to provide for such damages and not merely to be a penalty against the breaching party, then it will be enforceable.[3]
Here, only certain elements of the damages, the lease payment arrearages, are readily ascertainable. The damages resulting from the other aspect of such a breach, however, viz., the retaking, refurbishing, storing, or hopefully re-leasing of the vehicle in question, are not readily ascertainable. Additionally, the vehicle itself was a *298 “custom” vehicle, specially prepared and equipped for Rocco, and thus obviously limited in resale or salvage value. Under the circumstances, we think the precomputed formula for ascertaining damages was reasonable; and the contracting parties clearly recognized this. It was error for the trial court not to.
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN and GRIMES, JJ., concur.

. While the language of paragraph 21, read in pari materia with paragraph 22, is somewhat ambiguous with respect to the time as of which “liquidated damages” are to be computed, in order to avoid a construction allowing a penalty we construe the contract as requiring the payment of accrued rentals only up to the date upon which Heard exercised his option to terminate after default, i. e., December 1974.

. Nee, e. g., Pembroke v. Caudill (1948), 160 Fla. 948, 37 So.2d 538.

. See Hutchison v. Tompkins (Fla.1972), 259 So.2d 129.