338 So.2d 885 (1976)
UNI-CHEM CORPORATION OF FLORIDA, INC., a Florida Corporation, Appellant,
v.
Ronald MARET et al., Appellees.
No. 76-480.
District Court of Appeal of Florida, Third District.
October 26, 1976.
*886 Friedman & Britton and Edward A. Kaufman, Miami, for appellant.
Frates, Floyd, Pearson, Stewart, Richman & Greer and Sherryll Martens Dunaj, Miami, for appellees.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
BARKDULL, Chief Judge.
The appellant filed an action seeking temporary injunction and other relief against certain of the appellees, to enforce the provisions of a non-competitive agreement entered into at the time certain of the appellees were employed by the appellant as salesmen in the Miami area. The competitive provision of the contract read as follows:
* * * * * *
"* * * Accordingly, Representative agrees that during the term of his employment by Company, (under this agreement or any extension, renewal or reinstatement hereof) and for a period of eighteen (18) months immediately following the expiration or termination of such employment, regardless of the manner or reason for termination, Representative shall not directly or indirectly for himself or for any other person, persons, or corporation (excepting only Company) as owner, employer, partner, associate, principal, consultant, agent or otherwise, sell or offer for sale, advertise or solicit for any merchandise or products of the same or similar type of classification as any of the products sold by Company while Representative is employed by Company within the assigned territory set forth in Section 3 or to any customer or account in connection with which or to which Representative has sold, offered for sale, solicited or taken orders for any of Company's products during the employment of the Representative by Company, or with which Representative has had any contact or dealings while employed by Company, nor will he advise, inform or furnish to any person, firm or corporation the names and addresses of any such customer accounts or any information relating thereto."
* * * * * *
The contract also provided, in the event of its breach, as follows:
* * * * * *
"* * * Further, in the event of a breach of the covenants of paragraphs 8, 9, and 10, by Representative, the injury to the Company resulting therefore will be substantial, but difficult of ascertainment, so that it is mutually agreed that in the event of any such violation by Representative he will pay to the Company the sum of $5,000.00 per salesman, or any other employee of Company, except that if the Representative has been under contract with the Company for a period of in excess of 1 year, the sum of $10,000.00, as liquidated damages therefor, but not as a penalty, and it is hereby agreed that this provision of liquidated damages shall not reduce or interfere in any way with the right of the Company for injunctive relief, as outlined above."
* * * * * *
*887 In December of 1975, the salesmen terminated their employment with the appellant and immediately therefore went to work for a competitor, performing the same services in the same area which they had performed for the appellant during their course of employment with the appellant. The instant action was then brought, seeking a temporary injunction and, after taking evidence, the chancellor (finding that no actual damage had been shown by the appellant) denied a temporary injunction and this interlocutory appeal ensued.
The instant case deals with a request for temporary injunction and the order was entered after an emergency hearing. Notwithstanding statutory right to injunctive relief [see: § 542.12, Fla. Stat.], upon proof of a valid covenant not to compete said statutory provision does not negate the necessity of showing irreparable harm as a prerequisite to the granting of a temporary injunction. Wilson v. Sandstrom, 317 So.2d 732 (Fla. 1975). The purpose of a temporary injunction is to maintain the status quo pending determination of the suit. North Dade Water Co. v. Adken Land Co., 114 So.2d 347 (Fla.3rd DCA 1959). Thus, in the instant case, it would appear that where the trial court found no irreparable damages the order appealed should be affirmed.
The appellant urges that this case is controlled by the decision of this court in Royal Services, Inc. v. Williams, 334 So.2d 154 (Fla.3rd DCA 1976) and that this decision mandates a reversal of this matter, with directions to the chancellor to entry a temporary injunction.
We first note that in Royal Services, Inc. v. Williams, supra, the matter came on for review after final hearing, and the opinion clearly states that the plaintiff therein had proved its case sufficiently to entitle it to injunctive relief and it was error not to grant said relief. In the instant case, we are dealing with a temporary injunction; the cause has not proceeded to full hearing, and all the evidence has not been tendered. The appellant also urges that Royal Services, Inc. v. Williams, supra, holds that delay caused by litigation could render enforcement of the contract by injunction moot as a practical matter. It would appear that this would not necessarily be true in all instances. In Capelouto v. Orkin Exterminating Co., 183 So.2d 532 (Fla. 1966), the Supreme Court of Florida approved the imposition of an injunction for a period commencing subsequent to entry of the judgment, rather than from the time of termination of employment. Therefore, it would depend upon the facts of the individual case whether or not injunctive relief should be granted from the date of judgment.
Reviewing this record in its entirety and recognizing the discretionary right of a chancellor to decline to enter a temporary injunction [Sackett v. City of Coral Gables, 246 So.2d 162 (Fla.3rd DCA 1971); Muss v. City of Miami Beach, 312 So.2d 553 (Fla.3rd DCA 1975)], we affirm the order under review. If this opinion is not distinguishable on the facts of this case from Royal Services, Inc. v. Williams, supra, then we recede from any interpretation of the cited case which would mandate the issuance of a temporary injunction without permitting a chancellor to exercise his discretion in the matter of granting or denying same upon the record as may be made before him.
Our affirmance of this order is without prejudice to the plaintiff to make a subsequent request for temporary injunction at any time during the pendency of the trial court proceedings, and without prejudice to the trial court granting it in the event the evidence meets the test necessary to entitle the plaintiff to such relief. Stoner v. South Peninsula Zoning Commission, 75 So.2d 831 (Fla. 1954); Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., 212 So.2d 365 (Fla.4th DCA 1968). We merely affirm the action of the trial court on the record as was then presented to him. Of course, at the conclusion of the final hearing in this matter, if the chancellor should determine that equity lies with the appellant he may, in his discretion, enforce the *888 non-competitive agreement in accordance with the principles announced by the Supreme Court of Florida in Capelouto v. Orkin Exterminating Co., supra.
The application for constitutional writ, filed pending this appeal, be and the same is hereby denied.
Affirmed.