### DeWOODY & HAMNER, P. A. v. GREGORY.

No. 77-2138-CA(L)01-B.

Circuit Court, Palm Beach County.

March 23, 1978.

W. Peter Burns, Palm Beach, for the plaintiffs.

Edward F. O'Connor, Palm Beach, for the defendant.

DANIEL T. K. HURLEY, Circuit Judge.

This case involves a non-competition clause in an employment contract. The plaintiff former employer instituted suit alleging a breach of the clause by the defendant former employee and requested injunctive relief, liquidated damages and attorney's fees. The matter was called for hearing before the court upon the plaintiff's motion for summary judgment. Although initially opposed by the defendant, both parties have stipulated that at this juncture in the proceedings there is no genuine issue as to any material fact and that the cause is ripe for resolution. From the deposition and affidavits submitted, the court finds the following undisputed facts —

*Findings of fact*

1. The plaintiff, DeWoody & Hamner, is an accounting firm located in Palm Beach.

2. Defendant, Donald P. Gregory, after obtaining a bachelor's degree in accounting from the University of Wisconsin sought employment with the plaintiff in 1973.

3. During the hiring process, Mr. Gregory signed an "application for employment" which, inter alia, contained the following two provisions —

*For a period of two years after the termination of this agreement,* however caused, *I agree not* to solicit, or induce the solicitation of or *accept an engagement to perform any of the services* enumerated in paragraph one *for any client of the Employer.* For purposes of this paragraph, the term "client of the Employer" shall include any individual, corporation, partnership, fiduciary, board, association or other body for which the Employer performed any of the services enumerated in paragraph one during the twelve months preceding said termination. The provisions of this paragraph will be binding on the employee whether he is practicing as an individual, partner, stockholder, retainee or employee of another accounting firm. (Emphasis supplied.)

I agree to save the Employer harmless from any loss, cost or expense of any kind which it may suffer by reason of any breach of this agreement by me. *In view of the difficulty of ascertainment of the damages Employer may suffer by reason of the breach* of paragraph four, *I agree* to cause the Employer to receive as *liquidated damages,* one-half of any and all sums realized in connection with or by reason of any engagement, or undertaking prohibited by this agreement. (Emphasis supplied.)

4. Defendant worked at DeWoody & Hamner until October 7, 1976 when he voluntarily resigned. Since then he has worked as a self-employed certified public accountant in the Palm Beach area and has done accounting work for sixteen of his former employer's clients. To date he has realized $17,312.42 in income from his work for these clients.

Based on the foregoing facts, the court reaches the following —

### Conclusions of law

1. This cause is governed by sub-section 2 of Florida Statute 541.12, which states —

> ". . . One who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area . . ."

Former Chief Justice Adkins commented upon the purpose and application of this section of the statute when he wrote for the court in *Miller Mechanical Inc. v. Ruth*, 300 So.2d 11 (Fla. 1974) —

> The statute is designed to allow employers to prevent their employees and agents from learning their trade secrets, befriending their customers and then moving into competition with them. The agreement, however, must be reasonable as regards the time during and the area within which the employee is to be prevented from competing with the employer. In determining the reasonableness of such an agreement, the courts employ a balancing test to weigh the employer's interest in preventing the competition against the oppressive effect on the employee. (Citations omitted.)

The application of the above principles has resulted in the development of easily recognizable guideposts. While always judged by the rubric of reasonableness, the case law has established an almost uniform acceptance of certain time frames and geographic limitations. For example, in *Capelouto v. Orkin Exterminating Co. of Fla., Inc.*, 183 So.2d 532 (Fla. 1966) appeal dismissed, 385 U.S. 11 (1966), where the Supreme Court upheld the constitutionality of subsection 2 of 542.12, the court affirmed a two year non-competition clause for a 15-16 county area. Again in *Flammer v. Patton*, 245 So.2d 854, 859 (Fla. 1971), the court indicated that it would be permissible for a contract to contain restrictions on the receipt of pension benefits as long as those restrictions were reasonably limited as to time and area. *Orkin Exterminating Co., Inc. v. Girardeau*, 301 So.2d 38 (Fla. 1st DCA 1974), sustained the validity of a non-competition contract between a serviceman with limited training and his employer. The time frame in that case was two years from the date of termination. Though the contract

called for a five-county restriction, the trial court reduced the geographic limitation to the San Jose area of the city of Jacksonville. The appellate court affirmed both aspects of the case, indicating that "what is a reasonable area is a factual matter to be determined in each case." In *Royal Services, Inc. v. Williams,* 334 So.2d 154 (Fla. 3d DCA 1976), the court upheld the validity of a non-competition contract between an unskilled janitorial employee and a company providing janitorial and cleaning services. There the time limit was eighteen months from the date of termination and the geographic area for the restriction appears to have been all of Dade County.

Turning now to the case at bar, it seems only reasonable that if the parties were able to validly contract to prevent the defendant from doing any accounting work whatsoever within a reasonable geographic area, (e.g., a substantial segment of Palm Beach County), then *a fortiori,* they were also able to validly contract for a less restrictive provision which precluded the defendant from accepting any of his former employer's clients for a two year period. This arrangement recognizes and protects the employer's legitimate interests, and of equal importance, it achieves these objectives through the use of a less onerous practice than is sanctioned by the statute.

The non-competition clause imposes a minimal, narrowly defined restraint upon the former employee for a reasonable period of time. The resulting impact is neither harsh nor oppressive. Mr. Gregory is free to continue in his profession and is not saddled with the considerable expense of uprooting his family and professional practice to move to a new geographic area with all of the uncertainties attendant in such a transition. Viewed in this light, the restriction is valid; it is not injurious to the public interest. In reaching this conclusion, I am aware that Florida courts have "historically . . . been hostile to contracts of any nature which place restraints upon former employees," *Flammer v. Patton,* supra, at 857. Nonetheless I conclude that the clause in question, being less restrictive than that which is permitted by the statute, falls within the acceptable parameters of subsection 2.

2. Given the validity of the clause in question, and measuring the harm complained of, the plaintiffs are entitled to the issuance of an injunction irrespective of this court's determination on the issue of liquidated damages. *Beery v. Plastridge Agency, Inc.,* 142 So.2d 332 (Fla. 2d DCA 1962); *Miller Mechanical Inc. v. Ruth,* supra; and *Royal Services, Inc. v. Williams,* supra. Furthermore, in view of the court's finding that the defendant former employee willfully breached the non-competition clause, the court may in its discretion fulfill the intent of the parties and enjoin the

former employee for a full two year period from the date of this order. *Capelouto v. Orkin Exterminating Co. of Fla.,* supra, at 534.

3. The last question presented by this case is whether the liquidated damages clause is a valid and enforceable provision of the employment contract. The general principles regarding liquidated damages were set forth in *Bill Herd Leasing, Inc. v. Rocco Enterprises, Inc.,* 334 So.2d 296 (Fla. 2d DCA 1976) —

> The law is clear that when the damages a party may sustain in the event of a breach of contract are not readily ascertainable, are uncertain, or are not easily susceptible of proof, a contractual provision specifying the computation of such damages assists all parties involved in determining their obligations in the event of a breach. In general, so long as a liquidated damages clause is reasonable under the circumstances, provides for a computation of damages which are by their nature uncertain, and so long as it is apparent that the parties intended the clause to provide for such damages and not merely to be a penalty against the breaching party, then it will be enforceable.

In the case at bar, only a portion of the damages are known. While the general rule is that anticipated profits of a commercial business are too speculative and dependant upon changing circumstances to warrant a judgment for their loss, the plaintiff, if able to muster competent proof and carry its burden, would be entitled to recovery for the loss of profits from the interruption of an established business. *Kenco Chemical and Manufacturing Co., Inc. v. Railey,* 286 So.2d 272 (Fla. 1st DCA 1973). But as the trial court in *Kenco,* supra at 274 observed and as the appellate court quoted with approbation, ". . . proving such damages with reasonable certainty is recognized to be an almost impossible burden . . ." Mr. Justice Adkins seemingly concurred in this assessment when he said, "It is precisely because damages are so difficult to show [in cases such as these] that injunctive relief becomes a favored remedy." *Miller Mechanical Inc. v. Ruth,* supra at 13.

Given the nature of this case and its facts, I conclude that the formula for determining liquidated damages is reasonable and that it was the parties' express intention to provide for liquidated damages. Thus the provision is valid and enforceable. See 9A Fla.Jur., *Damages,* §105, et seq.

Accordingly, it is ordered and adjudged that the plaintiff, DeWoody & Hamner, P. A., a corporation, shall take and have judgment against the defendant, Donald P. Gregory, in the sum of $8,656.21, for which let execution issue.

It is further ordered and adjudged that the defendant, Donald P. Gregory, is herewith enjoined and restrained from soliciting,

inducing the solicitation of, or accepting an engagement to perform any of the services enumerated in paragraph one of the "application for employment," dated February 26, 1973 and received in this cause as Exhibit "A," for any client of the plaintiff former employer for a full two year period commencing on March 25, 1978 and terminating on March 25, 1980.

It is further ordered and adjudged that this court retains jurisdiction to determine costs and reasonable attorneys fees at a future date.