377 So.2d 825 (1979)
TEMPORARILY YOURS-TEMPORARY HELP SERVICES, INC., a Florida Corporation, and Edward N. Jones, III, Appellants,
v.
MANPOWER, INC., a Delaware Corporation, Appellee.
No. MM-391.
District Court of Appeal of Florida, First District.
December 14, 1979.
*826 Harry B. Mahon of Mahon, Mahon & Farley, Jacksonville, for appellants.
Douglas D. Chunn of Ulmer, Murchison, Ashby & Ball, Jacksonville, for appellee.
McCORD, Judge.
Appellants, Temporarily Yours-Temporary Help Services, Inc., and Edward N. Jones, III, seek reversal of an injunction entered by the trial court, preventing appellants from competing with appellee, Manpower, Inc., for a two-year period within a 200-mile radius of Jacksonville, Florida. The injunction is based upon a covenant not to compete entered into by appellant Jones and Manpower. We affirm.
Jones was employed by Manpower for 13 years, the last eight years being served as branch manager in Jacksonville, Florida. In 1970, Jones and Manpower entered into a Management Employment Agreement, which provided that in the event of the termination of his employment for any reason, Jones would not:
"11... . directly or indirectly, on your own account or as agent, stockholder, employer, employee or otherwise, engage in competition in a business similar to that of Company or division to which you are assigned by virtue of this agreement:
A. within a radius of 200 miles of the city in which you are employed at the time of such termination.
B. within a radius of 25 miles from any part of any other city in the United States which has been directly involved with the performance of your duties and responsibilities hereunder and in which the Company is operating at the time your employment is terminated.
Clauses A and B above are distinct and severable and constitute severable covenants."
An additional provision of the agreement is as follows:
"All of the terms, covenants, and conditions of this agreement shall in all respects be interpreted and construed under and pursuant to the laws of the State of Wisconsin."
The parties simultaneously executed a Supplemental Agreement which provided that, upon termination of employment with Manpower, Jones would not engage in a competitive business within a 200-mile radius of any city in which a Manpower office is located, other than the city where Jones was employed at the time of the termination.
In May, 1978, Jones was fired by Manpower because of allegations that Jones engaged in the miscoding of work orders and that he authorized payments to be made by Manpower to his son for which his son performed no work. Testimony of Manpower employees supported the allegations which lead to the firing of Jones. After leaving Manpower's employ, Jones was instrumental in establishing appellant corporation, Temporarily Yours, and became president and the only operating officer of that corporation. He was not a stockholder, but he testified that he had an oral understanding with the sole stockholder that he could purchase stock in the corporation at a later date. Temporarily Yours operated in Jacksonville, Florida, in competition with Manpower. Jones admitted that he was thoroughly acquainted with all the customers of Manpower and used his own mental list of those customers as a basis for mailing out advertising brochures for Temporarily Yours. Evidence indicates that several of Manpower's former clients began to do business with appellant.
In its complaint, Manpower sought recovery only under paragraph 11A of the agreement quoted above. Appellants contend that Wisconsin law is the applicable law in this case and that the covenant not to compete is void and unenforceable under that *827 law. According to Wisconsin law, a restrictive covenant is enforceable only if the restrictions imposed are reasonably necessary for the protection of the employer or principal and that any restrictive covenant imposing an unreasonable restraint is void and unenforceable even as to so much of the covenant or performance as would be a reasonable restraint. Appellants argue that Clause 11B and the supplemental agreement impose an unreasonable restraint, under Wisconsin law, and thus the entire restrictive covenant is unenforceable; that the injunction should, therefore, be lifted.
We do not agree that Wisconsin law should be applied in this case. In Supermaid Cookware Corporation v. Hamil, 50 F.2d 830 (5th Cir.1931), the court, considering a restrictive covenant contained in an Illinois contract of employment, (which by its terms was to be construed in accordance with the law of Illinois) declared that since the public policy of the State of Texas was involved, the views of Texas courts, and not the law of Illinois where the contract was made, should control the question of enforceability. The express public policy in Florida, as set forth in § 542.12, Fla. Stat., is that restrictive covenants which are reasonable in time and geographical area are enforceable in Florida. The only covenant not to compete for which enforcement is sought here is reasonable in time and geographical area, it being limited to two years and to a 200-mile radius of the City of Jacksonville. Compare Capelouto v. Orkin Exterminating Company, 183 So.2d 532 (Fla. 1966), which, on the basis of a covenant not to compete, approved the entry of an injunction to remain in effect for a period of two years and for an area including 15 or 16 counties.
Appellants also urged that the trial court erred in entering the injunction against Temporarily Yours since that corporation is not a party to the agreement sued upon, and the evidence shows that Jones did not own the corporation or any proprietary interest therein. This contention is without merit. In United States v. Hall, 472 F.2d 261 (5th Cir.1973), the court noted that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in privity with them, represented by them or subject to their control. Our own Supreme Court recognized that principle in West Shore Restaurant Corp. v. Turk, 101 So.2d 123 (Fla. 1958). On the basis of that authority and under the circumstances of this case, the injunction was properly issued against the appellant corporation, as well as against Jones, since the corporation apparently existed for the purpose of aiding and assisting Jones in violating his covenant not to compete.
Appellant's remaining point has been considered and found to be without merit.
AFFIRMED.
MILLS, C.J., and SHIVERS, J., concur.