411 So.2d 336 (1982)
SENTRY INSURANCE, etc., Appellant,
v.
George D. Dunn and Diane M. Dunn, Appellees.
No. 81-965.
District Court of Appeal of Florida, Fifth District.
March 24, 1982.
Charles D. Hood, Jr. of Cobb & Cole, P.A., Daytona Beach, for appellant.
Margaret E. Sojourner of Hass, Boehm, Brown & Rigdon, P.A., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Sentry Insurance appeals pursuant to Florida Rule of Appellate Procedure *337 9.130(a)(3)(B) from a non-final order denying its motion for a preliminary injunction by which it sought to enforce the terms of a non-compete agreement.
Sentry had filed suit against Dunn alleging that Dunn, a former employee, had breached a non-compete clause contained in his employment contract.[1] Sentry sought damages and a preliminary and permanent injunction.[2]
Section 542.33, Florida Statutes (1981), recognizes the validity of a convenant not to compete though a prerequisite to the enforceability of such a convenant is that it must be reasonable as to time and place. Capelouto v. Orkin Exterminating Co. of Florida, 183 So.2d 532 (Fla. 1966); Silvers v. Dis Com Securities, Inc., 403 So.2d 1133 (Fla. 4th DCA 1981). Here the period of time (two years) appears to be reasonable. See, e.g., Twenty Four Collection, Inc. v. Keller, 389 So.2d 1062 (Fla. 3d DCA 1980) (wherein the Third District Court of Appeal ordered that a non-compete agreement of two years duration be enforced). No area limitation problem exists since the agreement merely prohibits Dunn from soliciting, quoting rates, etc. for customers he served while at Sentry. Dunn remains free to write insurance and serve any other customers.
The normal remedy in cases involving convenants not to compete is injunctive relief since it is extremely difficult for a court to determine what damages are caused by the employee's breach of the agreement. Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974). While a temporary or preliminary injunction is an extraordinary remedy which should be sparingly granted, the establishment of legal rights carries with it the duty to grant an appropriate remedy. Silvers v. Dis Com Securities, 403 So.2d at 1137.
In Silvers, the court held that in order for a party to be entitled to a temporary or preliminary injunction for violation of such a convenant, it is necessary to allege: (a) the contract, (b) the former employee's intentional direct and material breach thereof, and (c) that no adequate remedy exists except by injunctive relief. The court went on to hold that irreparable injury, while normally required to support an award of a temporary or preliminary injunction, may be presumed in cases involving violation of a covenant not to compete and need not be alleged or proved. Id. at 1136. Contra Uni-Chem Corp. of Florida, Inc. v. Maret, 338 So.2d 885 (Fla. 3d DCA 1976).
Here there is proof in the form of testimony from former customers of Sentry to support its allegations that Dunn has directly contacted and solicited insurance business from them. There is no reason proved or even suggested that would make it unfair or oppressive to enforce the agreement not to compete pending final disposition. Absent such proof it was an abuse of discretion for the trial court to refuse entry of the preliminary order.
REVERSED.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] Sentry alleged that on May 1, 1977, it employed Dunn as a sales representative and that Dunn executed an employment contract which contained in paragraph seven the following non-compete clause:

The Sales Representative agrees that for two (2) years after the termination of this contract, he will not, for himself, another insurance company and/or agency, directly or indirectly, seek to induce, promote, facilitate, bring about, solicit, quote rates for, receive, write, bind broker, transfer or accept replacement or renewal insurance coverage or services for any insurance policies or service sold or serviced by the Sales Representative for the Companies, or for which the Sales Representative has been or was being compensated by the Companies, during the two (2) years immediately preceding termination of this contract, nor will he induce or seek to induce the discontinuance or lapse of such insurance coverage or service. The Sales Representative agrees that, during the period of his employment hereunder, he will do none of the above acts for any insurer or agency other than the companies.
[2] No transcript of the hearing on the motion for a preliminary injunction was made but at the hearing the judge merely reviewed the testimony which had been taken and transcribed on a previous occasion and heard argument of the parties. We feel that the record before us is sufficient upon which to predicate appellate review.