545 So.2d 926 (1989)
DAD'S PROPERTIES, INC., a Florida Corporation, D/B/a Sugar Daddy's, Appellant,
v.
Albert C. LUCAS, Individually and As Former Director of al Lucas Enterprises, Inc., Susan E. Lucas, Individually and As Former Director of al Lucas Enterprises, Inc., and As Officer and Director of Martus, Inc., a Florida Corporation, Appellees.
No. 88-01527.
District Court of Appeal of Florida, Second District.
May 12, 1989.
Rehearing Denied June 29, 1989.
As Corrected June 30, 1989.
*927 Roy L. Glass of Law Offices of Roy L. Glass, P.A., St. Petersburg, for appellant.
Terry M. Brocklehurst, Clearwater, for appellees Susan E. Lucas and Martus, Inc.
RYDER, Acting Chief Judge.
This case arises from the lower court's entry of a nonfinal order denying appellant's application for preliminary injunction, which sought to restrain appellees from continuing to violate a covenant not to compete entered into in connection with appellant's purchase of a business and its good will. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), and we reverse.
On May 5, 1986, appellant, Dad's Properties, Inc., purchased "Sugar Daddy's" from Albert C. Lucas and Al Lucas Enterprises, Inc. Sugar Daddy's, euphemistically referred to by the parties to this appeal as an "adult nightclub," is a bar located in Pinellas Park that features topless dancing. The selling corporation, Al Lucas Enterprises, Inc., was jointly owned by appellees, Albert C. Lucas and his wife, Susan E. Lucas. They were also the corporation's only directors and officers. The sale of the business included its good will, stock in trade, fixtures, furniture, equipment, merchandise, and all of its other assets. Payment of the purchase price consisted of cash, the assumption of a mortgage and the execution of a promissory note. At the closing, the parties executed a covenant not to compete which stated the following:
For a period of five (5) years after the date of closing, within a radius of fifty (50) miles, the sellers agree that they will not engage in the live adult entertainment business, either directly or indirectly, as an individual, partner, employee, stockholder, or consultant.
About a year after the closing, Susan Lucas formed Martus, Inc., which began operating "Fountain Blue," a topless dancing club located within fifty miles of Sugar Daddy's, in Largo. Mrs. Lucas is the sole shareholder, director and officer of Martus, Inc. and Mr. Lucas works for the corporation as a manager at Fountain Blue. When the Lucas' received a letter from appellant's attorney demanding that they cease breaching the covenant not to compete by operating Fountain Blue, they took the position that the covenantors, Al Lucas and Al Lucas Enterprises, Inc., did not have any connection with the establishment of Fountain Blue and that Susan Lucas and Martus, Inc. were not bound by the covenant.
Less than two weeks after Fountain Blue opened for business, Mr. Lucas informed appellant that the entire principal of the promissory note executed in connection with the sale of Sugar Daddy's was due, *928 pursuant to the note's acceleration clause, because of a payment that was a few days late. Mr. Lucas then filed suit against appellant, seeking replevin of personal property, payment under the note, mortgage foreclosure, damages for breach of contract and declaratory relief. Several months later, appellant filed a separate action against appellees which sought to enjoin them from breaching the covenant not to compete and damages. The two lawsuits have since been consolidated. During a hearing that was held on appellant's motion for temporary injunction, evidence was presented that Mr. Lucas exerted considerable control over the design and operation of Fountain Blue and that he and Mrs. Lucas have solicited employees and dancers of Sugar Daddy's to work at Fountain Blue. In addition, despite Mr. Lucas' claim that appellant's alleged late payment under the promissory note constituted breach of contract, it was shown that in the past he had accepted payments at various times of the month. Without stating the basis for its ruling, the trial court denied appellant's application for preliminary injunction and this appeal ensued.
To be entitled to a preliminary injunction where a covenant not to compete is involved, the plaintiff need only prove the existence of the contract, intentional and material breach of the contract and no adequate remedy other than injunctive relief. T.K. Communications, Inc. v. Herman, 505 So.2d 484 (Fla. 4th DCA), review denied, 513 So.2d 1061 (Fla. 1987). Irreparable injury is presumed. Capraro v. Lanier Business Products, Inc., 466 So.2d 212 (Fla. 1985); Xerographics, Inc. v. Thomas, 537 So.2d 140 (Fla. 2nd DCA 1988). The normal and favored remedy for breach of a covenant not to compete is injunctive relief. Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974); Xerographics, Inc.; Silvers v. Dis-Com Securities, Inc., 403 So.2d 1133 (Fla. 4th DCA 1981). See § 542.33, Fla. Stat. (1987). In West Shore Restaurant Corp. v. Turk, 101 So.2d 123 (Fla. 1958), the court stated:
Covenants not to compete are in the best of circumstances difficult to enforce. If the covenantor wishes to avoid the agreement the covenantee is required to become a policeman and a detective to catch him. When the covenantee is able to prove a breach he finds it most difficult to prove, with the certainty required by law, the damages which he has suffered. For these reasons there are few types of contracts which require greater attention by the courts in their enforcement, and in so doing the moral obligation of the covenantor, the obligation to observe the spirit as well as the letter of the agreement, must be considered and enforced.
Id. at 129.
In this case, appellant has clearly proven its entitlement to a preliminary injunction by showing that appellees intentionally violated both the letter and the spirit of the covenant not to compete. There is no dispute that Fountain Blue is engaged in the "live adult entertainment business" within the specified time and area, that Albert Lucas works at Fountain Blue as a manager and that the business is owned and operated by Susan Lucas' corporation, Martus, Inc. The broad language of the covenant, which was drafted by appellees' attorney, should be understood as restricting a wide range of competitive activity by the covenantors, their controlling shareholders and any entities controlled by the covenantors or their controlling shareholders. Thus, looking beyond the corporate fictions utilized by Mr. and Mrs. Lucas, it is clear that they intentionally violated the covenant by setting up a competing business.
Appellees maintain that only the parties to the covenant, Al Lucas and Al Lucas Enterprises, Inc., are restricted from competing with Sugar Daddy's and that Susan Lucas and Martus, Inc. are free to do so. Appellees also assert that Susan Lucas and Martus, Inc. may not be enjoined because they were dismissed as parties defendant from relevant portions of appellant's lawsuit during the pendency of this appeal. However, individuals and entities may be enjoined from aiding and abetting a covenantor in violating a covenant not to compete. See West Shore Restaurant *929 Corp. In addition, an injunction not only binds the parties defendant but also those identified with them in interest, in privity with them, represented by them or subject to their control. Channell v. Applied Research, Inc., 472 So.2d 1260 (Fla. 4th DCA 1985); Temporarily Yours-Temporary Help Services, Inc. v. Manpower, Inc., 377 So.2d 825 (Fla. 1st DCA 1979). See West Shore Restaurant Corp. Here, it is clear that Mrs. Lucas and her controlled corporation aided and abetted Mr. Lucas and Al Lucas Enterprises, Inc. in their intentional violation of the covenant. Because of their close relationship to the covenantors, Susan Lucas and Martus, Inc. may be enjoined or, to state it differently, an injunction would be effective against them. See West Shore Restaurant Corp.; Channell; Temporarily Yours-Temporary Help Services, Inc. As the court stated in West Shore Restaurant Corp.:
Where one is so lost to a sense of moral obligation as to accept a full consideration for his stock in trade and good-will, upon express condition that he refrain from again entering that business for a limited time, within a certain territory, and then immediately, having pocketed the fruits of the agreement, deliberately and wilfully ignores the controlling condition thereof, courts should certainly not hunt for legal excuse to uphold him in such moral delinquency. [Citation omitted.]
Id. at 129, quoting Whittenberg v. Williams, 110 Colo. 418, 135 P.2d 228, 229 (1943). We cannot excuse appellees from their promise not to compete because, technically, Mrs. Lucas and her corporation were not parties to the agreement. Mr. Lucas cannot be allowed to do indirectly, through his wife and her controlled corporation, that which he covenanted not to do himself.
In our view, Mr. Lucas' unilateral termination of the covenant not to compete, ostensibly because of appellant's alleged late payment under the promissory note, was nothing more than a thinly disguised excuse for his outright breach of the covenant. While under other circumstances appellant's late payment may have constituted breach of contract possibly terminating the covenant not to compete, Mr. Lucas waived any right he may have had to complain about the late payment by his past acceptance of payments at various times of the month. See Baker v. Rice, 37 So.2d 837 (Fla. 1948); Rank v. Sullivan, 132 So.2d 32 (Fla. 2nd DCA 1961). In addition, although the note stated that installment payments were to commence on June 5, 1986, it did not specify on which day of the month payments were to be made.
While there is discretion in the injunctive enforcement of a covenant not to compete, where the violation is clear, injunctive relief is appropriate and should be granted. Foster & Company, Inc. v. Snodgrass, 333 So.2d 521 (Fla. 2nd DCA 1976). Accordingly, this case is reversed and remanded for entry of a preliminary injunction against appellees prohibiting them from further violating the covenant not to compete, through their operation of Fountain Blue or otherwise, pending final resolution of appellant's claims.
Reversed and remanded with instructions.
DANAHY and FRANK, JJ., concur.