# W. KOST, INC. v WEYRES
## Case No. 89-998 CA
Nineteenth Judicial Circuit, Martin County

December 28, 1989

**APPEARANCES OF COUNSEL**

**Douglas R. Girvin,** for plaintiff.

**L. Lisa Batts,** for defendant.

**OPINION OF THE COURT**

JOHN E. FENNELLY, Circuit Judge.

### ORDER ON MOTION TO DISSOLVE TEMPORARY INJUNCTION

THIS MATTER came on for hearing pursuant to Defendant's Motion to Dissolve Temporary Injunction that prohibits Defendant from violating a Non-Competition Agreement. The Defendant entered into this Agreement while an employee of the Plaintiff. The Court, in accordance with Rule 1.610 et seq. F.R.C.P., has heard testimony and hereby makes the following findings of fact and conclusions of law:

1. The Defendant entered into a Non-Competition Agreement with

the Plaintiff on March 23,1984, approximately one (1) month after accepting a position with the Plaintiff. The Agreement, by its terms, prohibits Defendant from engaging either directly or indirectly in the business of "roof systems, floor trusses, or other products" for a period of five (5) years within a fifty (50) miles radius of Plaintiff's principal place of business located at 4175 Martin Highway, Stuart, Florida. The Defendant, on November 30,1985, was terminated by the Plaintiff and is now employed by St. Lucie Truss Corporation. St. Lucie Truss Corporation does business in St. Lucie County at a location within fifty (50) miles of Plaintiff's principal place of business. The evidence is uncontroverted that the Defendant obtained price information, customer lists and other trade information as a result of his employment with Plaintiff. It is also uncontroverted that Defendant's present employer is a competitor of the Plaintiff. The credible evidence also establishes that the Non-Compete Agreement was entered into after negotiations between the parties, which resulted in a significant reduction of geographical restrictions on Defendant's employment.

2. The Defendant first argues that the Agreement is void for lack of consideration. This argument is without merit. The Defendant was an at-will employee of Plaintiff. Thus Defendant's continued employment of Defendant is sufficient consideration to support Defendant's promise not to compete. See *Wright & Seaton, Inc. v Prescott,* 420 So.2d 623 at page 627 (Fla. 4th DCA 1982).

3. The Defendant next argues that the parties orally modified this Agreement so as to permit Defendant to compete if his employment was terminated by Plaintiff. The Court finds that no modification did, in fact, take place and that Plaintiff's Exhibit 1 is, at this juncture, the complete Agreement of the parties.

4. Plaintiff to prevail must demonstrate:

(a) The contract

(b) Irreparable injury and no adequate remedy at law.

(c) Defendant's intentional breach.

5. In a situation as this, irreparable injury is presumed. Plaintiff therefore need not make such an evidentiary showing. *[Capraro v Lanier,* 445 So.2d 719 (Fla. 4th DCA 1984)). The evidence as to the other elements, such as contract and breach, is clearly established. Thus, under applicable case law construing F.S. 542.33, this Court is limited to determining the reasonable nature of time and space limitations (See *Florida Pest Control and Chemical Company v Thomas,* 520 So.2d 669 at page 671 (Fla. 1st DCA 1988)).

169

6. The Court finds that *Wright & Seaton, Inc. v Prescott,* cited previously, is controlling on this issue. It should be emphasized that this is a temporary injunction only and not a final determination of the reasonableness of the time and place restrictions. As it is anticipated that this case will be expeditiously concluded, the question of the five year time period need not be determined at this juncture. Based on the evidence, the Court finds that Defendant's Motion must be denied. (See *Tomasello, Inc. v Los Santos,* 394 So.2d 1069, at page 1072 (Fla. 4th DCA 1981); and *Graphic Business Systems, Inc. v Rogge,* 418 So.2d 1085, at page 1086 (Fla. 2d DCA 1982)).

DONE AND ORDERED in chambers at the Martin County Courthouse, Stuart, Florida on the 28th day of December, 1989.