557 So.2d 940 (1990)
PINCH-A-PENNY OF PINELLAS COUNTY, INC., a Florida Corporation, Appellant,
v.
Peter W. CHANGO and Michael J. Hall, Appellees.
No. 89-01954.
District Court of Appeal of Florida, Second District.
March 9, 1990.
Joseph H. Varner and Steven D. Merryday of Glenn, Rasmussen, Fogarty, Merryday & Russo, Tampa, for appellant.
Ronald S. Frankel, P.A., St. Petersburg, for appellee Peter W. Chango.
Harold S. Wilson, P.A., Clearwater, for appellee Michael J. Hall.
RYDER, Acting Chief Judge.
Pinch-A-Penny of Pinellas County, Inc. challenges the trial court's denial of its motion for a temporary injunction to enforce noncompetition agreements executed by appellees. We reverse.
Pinch-A-Penny sells retail pool supplies and maintains customers throughout Pinellas County, providing routine pool service and maintenance in the entire county and repair work primarily in northern Pinellas County. Both appellees Chango and Hall were employed by Pinch-A-Penny and were required to sign employment agreements containing noncompete clauses. Upon termination of their employment with Pinch-A-Penny, both appellees went to work for Classic Pools and Spas (Classic). Classic competes with Pinch-A-Penny for the provision of service and maintenance to swimming pools in Pinellas County.
The trial court erred in not following Xerographics, Inc. v. Thomas, 537 So.2d 140 (Fla. 2d DCA 1988) and that line of cases, including Dad's Properties, Inc. v. Lucas, 545 So.2d 926 (Fla. 2d DCA 1989) and Joseph U. Moore, Inc. v. Howard, 534 So.2d 935 (Fla. 2d DCA 1988). These cases make it clear that Pinch-A-Penny has established that it is entitled to a preliminary injunction. Pinch-A-Penny need only prove that a contract existed, intentional and material breach of the contract and no adequate remedy other than injunctive relief. Capraro v. Lanier Business Products, Inc., 466 So.2d 212 (Fla. 1985); Xerographics, Inc.
The court may not refuse to give effect to a valid noncompete agreement on the ground that it would have an overly burdensome effect on the employee. Xerographics, Inc., citing, Twenty Four Collections, Inc. v. Keller, 389 So.2d 1062 (Fla. 3d DCA 1980), review denied 419 So.2d 1048 (Fla. 1982). If the trial court finds the provisions of the noncompete agreement *941 unreasonable, the court should modify it accordingly and enforce it as modified. Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974); Xerographics, Inc.
Appellees will have ample opportunity to address their defenses on the merits of the case, including questions regarding Pinch-A-Penny's compliance with chapter 489, Florida Statutes (1987). These defenses are not appropriate considerations for entitlement to a preliminary injunction. Graphic Business Systems, Inc. v. Rogge, 418 So.2d 1084 (Fla. 2d DCA 1982).
The case is reversed and remanded and the trial judge shall enter a preliminary injunction in favor of Pinch-A-Penny, limiting the geographical area to Pinellas County, as Pinch-A-Penny is now requesting. Upon hearing the case on the merits regarding a permanent injunction, the trial court is free to consider the geographical area and time limitations again, as well as any other defenses raised by appellees.
Reversed and remanded.
SCHOONOVER and PARKER, JJ., concur.