PALMER, J.
Preben Olesen appeals the trial court’s order entering summary judgment in favor of Lowndes, Drosdick, Doster, Kantor & Reed P.A. (the Lowndes Firm), Jennifer R. Dixon, James Steven Toscano, and Terry Cressler Young (collectively Lowndes Defendants) on Olesen’s claims for legal malpractice, fraud, constructive fraud, and civil conspiracy. As to all of the counts except legal malpractice, we affirm without discussion. However, with regard to the claim of legal malpractice, we reverse.
This appeal arises from a claim of malpractice allegedly committed by the Lowndes Firm and the Lowndes Defendants in connection with their representation of Olesen in a lawsuit filed against him by General Electric Capital Corporation (GECC). The underlying facts are as follows.
Olesen was the owner of the Arkansas Bus Exchange Corporation (ABE), which offered new and used buses for sale or sublease. The buses were leased to ABE by GECC. As an inducement for GECC’s agreement to extend a line of credit to ABE, Olesen signed an agreement personally guaranteeing the payment of monies owed by ABE to GECC. A liquidated damages provision was included in the parties’ lease agreement. That provision provided for a stipulated loss value for the buses. Those values were reflected as percentages of the capitalized cost of the buses, with the percentage decreasing each month of the lease. The stipulated loss value of the buses was identical to their terminal rental value, which applied upon termination of the lease.
When Olesen and his wife later divorced, i the final dissolution judgment transferred *178 the ownership and operation of ABE to Olesen’s wife. Thereafter, when ABE defaulted on its payments to GECC, GECC advised Olesen of the default. GECC also notified ABE’s sublessees of the default and directed them to remit all future lease payments directly to GECC. The subles-sees complied with these directions.
GECC initiated suit against Olesen seeking damages based on ABE’s default. The suit sought recovery of the remaining balance due on the lease agreement, late charges, and the stipulated loss value of the buses. The Lowndes Firm represented Olesen in the suit; however, because the Lowndes Firm represented GECC in other matters, it obtained waivers from both GECC and Olesen before representing Olesen in this case.
The firm filed an answer and a single affirmative defense: Olesen’s ex-wife was solely responsible for any indebtedness to GECC pursuant to the terms of the dissolution judgment. GECC moved for summary judgment and limited its claim for damages to the past-due loan payments and the stipulated loss value. The Lowndes Firm advised Olesen that the suit was largely indefensible other than for claiming indemnification against Olesen’s ex-wife. The trial court granted summary judgment in favor of GECC, ordering a recovery consisting of the lease payments due and the stipulated loss value pursuant to the liquidated damages provision.
Olesen thereafter sued the Lowndes Firm and the Lowndes Defendants alleging legal malpractice in connection with the GECC lawsuit. The trial court entered summary judgment against him, concluding that the language of the guaranty signed by Olesen precluded him from raising any defenses related to the amount of damages sought by GECC.
Olesen challenges this ruling, contending that the summary judgment must be reversed because the guaranty did not bar him from litigating the amount of damages owed to GECC. Specifically, he argues that there was an issue of fact existing as to the propriety of the amount of GECC’s damage award. We agree. The Lowndes Firm and Lowndes Defendants concede that they should have sought a credit for the value of the returned buses, but argue that such omission was harmless because, post-judgment, GECC provided Olesen with a credit for the reasonable value of those buses, and thus Olesen suffered no damages as the result of any alleged negligence.
We conclude that the summary judgment must be reversed because the record does not establish that the appellees’ alleged malpractice, if any, was harmless since the record does not demonstrate whether the amount of credit provided to Olesen post-judgment was correct. Although Olesen admitted that he received a substantial credit against GECC’s final judgment, the exact amount thereof is not reflected in the record. Accordingly, we reverse the summary judgment order.[1]
AFFIRMED in part; REVERSED in part; and REMANDED.
ORFINGER, J., and FRIEDLAND, K„ Associate Judge, concur.

. We reject Olesen's argument that the liquidated damage provision of the contract is an invalid and unenforceable penalty clause. See Bill Heard Leasing, Inc. v. Rocco Enter., Inc., 334 So.2d 296 (Fla. 2d DCA 1976).