419 So.2d 1048 (1982)
Karen KELLER, Petitioner,
v.
The TWENTY-FOUR COLLECTION, INC., Respondent.
No. 60034.
Supreme Court of Florida.
September 9, 1982.
Steven R. Berger, Miami, for petitioner.
Stephen L. Raskin, Miami, for respondent.
The Court having accepted jurisdiction and heard argument, and upon further consideration of the matter, we have determined that the Court is without jurisdiction. Therefore, the petition for review is denied.
ALDERMAN, C.J., and ADKINS, BOYD, SUNDBERG and McDONALD, JJ., concur.
OVERTON, J., dissents with an opinion.
OVERTON, Justice, dissenting.
I strongly dissent and recommend that the legislature immediately review section 542.12, Florida Statutes (1977), because of the construction now placed on it by this Court and the district courts of appeal. The circumstances of this case clearly indicate that the application of the statute as it has been construed by the instant district court allows "unjust results" and places employees who must sign noncompetition agreements at a distinct disadvantage with their employers. I believe the statute should be amended to expressly state that courts in applying the statute may use traditional equitable principles to avoid the unjust result illustrated by this case.
I find direct conflict with those cases which require a trial judge to find irreparable harm before he may grant injunctive relief. In Stoner v. South Peninsula Zoning Commission, 75 So.2d 831, 832 (Fla. 1954), Justice Terrell said, "[T]he rule in this State is that injunction issues only to prevent irreparable injury... ." In Uni-Chem Corp. of Florida v. Maret, 338 So.2d 885, 887 (Fla.3d DCA 1976), a noncompetition agreement case, a unanimous court upheld a denial of the entry of an injunction by the trial judge: "[W]here the trial court found no irreparable damages the order appealed should be affirmed." Further, in Auto Club Affiliates v. Donahey, 281 So.2d 239, 243 (Fla. 2d DCA), cert. denied, 285 So.2d 28 (Fla. 1973), another noncompetition agreement case, the court said, "Such contracts may be determined to be reasonable if it is necessary to protect the interests of the employer ... without inflicting any unduly *1049 harsh or oppressive result on the employee." (Emphasis added.) When considering noncompetition covenants, this Court has never specifically addressed the issue of the employer's need to show irreparable injury or the employee's need to show an oppressive or harmful result. See Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974); Akey v. Murphy, 238 So.2d 94 (Fla. 1970); Capelouto v. Orkin Exterminating Co., 183 So.2d 532 (Fla.), appeal dismissed, 385 U.S. 11, 87 S.Ct. 78, 17 L.Ed.2d 10 (1966). The diverse views of the district courts of appeal put that issue in conflict and we should directly answer it.
It is incomprehensible to me that a trial judge is prohibited from considering an "unjust result" when determining whether injunctive relief is appropriate. This was nonetheless the holding of the Third District Court of Appeal. See Twenty-Four Collection, Inc. v. Keller, 389 So.2d 1062 (Fla. 3d DCA 1980).
The uncontroverted facts demonstrate the inequity of the district court's decision. They reflect that Ms. Keller was an experienced buyer of very specialized and expensive women's wearing apparel. Her employer, Twenty-Four Collection, brought her to Miami from the same type of employment in Phoenix, Arizona, and approximately eighteen months later discharged her. Ms. Keller's employment contract contained a noncompetition covenant, found by the trial court to be valid, which provided in part:
In the event of the termination, voluntarily or involuntarily, of the undersigned's employment with the EMPLOYER, for any reason, then for a period of two (2) years from the date of said termination, the undersigned employee will not engage, in any capacity, directly or indirectly, in or be employed by any business in Dade, Broward or Palm Beach Counties, Florida, similar to the kind or nature of business conducted by the EMPLOYER during the employment.
Keller testified without contradiction that she was discharged by Twenty-Four's president after he wrongfully accused her of something she did not do, threatened her with expensive legal action if she went to work for one of his company's competitors, and stated that he would make an example of her for his other employees. This testimony was totally unrefuted. One month after her discharge, Keller took another position with Cache, one of Twenty-Four's major competitors. Twenty-Four brought this action alleging that Keller was in violation of the noncompetition clause, that no adequate remedy at law was available, and that the corporation would be irreparably harmed by Keller's breach of the contract. Both Keller and Twenty-Four agreed to entry of a temporary injunction which restrained Keller from dealing with or contacting any of Twenty-Four's former customers and certain named distributors which serviced Twenty-Four, but which allowed her to continue her new employment. Twenty-Four was not satisfied, however, and continued to seek total injunctive relief under the contract including total prohibition of Keller's employment with Cache. Approximately six months later, a final hearing was held, after which the trial judge entered a final judgment finding that only the limited terms of the temporary injunction should be made permanent. He concluded that Twenty-Four failed to sustain its burden of proof to justify any further injunctive relief or damages.
The district court of appeal reversed, concluding that "[t]he only authority the court possesses over the terms of a noncompetition agreement is to determine, as the statute provides, the reasonableness of its time and area of limitations." This holding coincides with Twenty-Four's argument, which stated, through counsel, that: "We have not suffered any legal damages, we agree to that. We have not pleaded any legal damages. All we are required to show is violation of the agreement. Additionally, we are required to show the geographical area is reasonable and the time period is reasonable."
In my view, the direction by the district court to trial judges to limit their application of equitable principles in noncompetition *1050 employment covenants is erroneous. The decision allows courts to use injunctive power to totally restrict an employee's ability to work in his or her chosen field with only a limited application of equitable principles and irrespective that an employer may have discharged the employee without cause. The employer argued, and the district court agreed, that the determination of appropriate injunctive relief should be made without consideration of whether the discharge was voluntary or involuntary or with or without cause and without consideration of imposing only such injunctive relief as may be necessary to protect against irreparable harm.
Under the facts of this case, the district court decision results in an extreme injustice. Worse, the decision is the product of a supposedly equitable remedy, injunctive relief sought in an equity court, without the use of established equitable principles basic to the equity court's jurisdiction, specifically the long-established equitable principles that (1) he who seeks equity must do equity, and (2) irreparable harm must be shown. The business employer in this cause has not only failed to show compliance with the requirements of these principles but has successfully argued that they are not necessary in this type of proceeding because of section 542.12(2) and the construction this Court has placed on that statute.
My conclusion from this record is that the trial judge found that Twenty-Four would suffer no irreparable damage as long as the terms of the original temporary injunction remained in force, and that the trial court properly applied equitable principles in reaching its original final judgment. The evidence as found by the trial judge clearly establishes that the totally prohibitory injunction sought by the employer would be overly burdensome in effect, was not necessary to protect against irreparable damage, and would produce an unjust result.
Section 542.12, Florida Statutes (1977), does not, in my view, restrict the trial judge in his use of traditional equitable principles in enforcing, by injunction, a covenant not to compete. The statute's unambiguous terms state: "Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction." (Emphasis added.) I distinguish on their facts the cases on which the majority bases its decision, Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974); Akey v. Murphy, 238 So.2d 94 (Fla. 1970); Capelouto v. Orkin Exterminating Co., 183 So.2d 532 (Fla.), appeal dismissed, 385 U.S. 11, 87 S.Ct. 78, 17 L.Ed.2d 10 (1966); accord Atlas Travel Service, Inc. v. Morelly, 98 So.2d 816 (Fla. 1st DCA 1957). I do not think any of these cases were intended to limit a trial judge in his application of equitable principles to use the appropriate injunctive relief in the least restrictive manner necessary to prevent irreparable damage and to provide justice between the parties. The factor which I find most disturbing in this case is the statement in the district court's opinion that an "unjust result" is not a consideration which should be taken into account by a court of equity.
Traditionally, our Court has developed equitable principles to ensure that the injunctive powers will be used cautiously and only to the extent necessary as the individual case may require. The instant facts do not demand total prohibitory injunctive relief. It is may belief that we should never, by our laws or court determination, totally restrict an individual from earning a living in his or her chosen calling, particularly when the individual is an employee not used in a management capacity, except when absolutely necessary to prevent irreparable damage. Respondent-employer has not shown this type of necessity or irreparable harm, but, conversely, freely admits it has suffered no legal damages and appears to have invoked the trial court's equity jurisdiction principally to set an example for current employees.
I do not believe the legislature intended that section 542.12 be construed to limit trial courts in their use of equitable principles when determining the appropriate injunctive relief. Because the statute has been so construed, I strongly urge the legislature to modify or repeal section 542.12 in *1051 order that the courts may use proper equitable principles when injunctive relief is sought to enforce noncompetition agreements.
I would reverse and disapprove the opinion of the district court of appeal and reinstate the final judgment entered by the trial court.