BERANEK, Judge.
This is an appeal from a nonfinal order denying a preliminary injunction in a case arising as a result of a breach of an employment agreement containing a covenant not to compete.
The appellee, Grace Stutz, was employed by appellant, Sattellite Industries, as a sales representative. On June 12, 1981, the parties entered into an employment agreement which ended on June 11, 1983. Included in the agreement was a covenant not to compete. Stutz terminated her employment in March, 1983, and began working as a salesperson for State Products, Inc., a competitor of Sattellite. Sattellite sued Stutz seek *223 ing a permanent injunction and monetary damages. Sattellite’s request for a preliminary injunction was denied and it appeals.
Sattellite has alleged the existence of a contract, the intentional, direct, and material breach of that agreement, and the lack of an adequate remedy except by in-junctive relief. These skeletal allegations, supported by evidence at the hearing below, are sufficient to obtain a preliminary injunction. Silvers v. Dis-Com Securities, Inc., 403 So.2d 1133 (Fla. 4th DCA 1981); Hunter v. North American Biologicals, Inc., 287 So.2d 726 (Fla. 4th DCA 1974).
In the trial court, appellee relied mainly on a Second District Court of Appeal opinion affirming a trial court’s denial of a preliminary injunction involving the same employer and another employee. (Sattellite Industries, Inc. v. Copp, 421 So.2d 525 (Fla. 5th DCA 1982)). However, that decision is a per curiam affirmance without an opinion and has no precedential value. Department of Legal Affairs v. District Court of Appeal, Fifth District, 434 So.2d 310 (Fla.1983).
We hold that while a trial court has broad discretion in granting or denying preliminary injunctions, there must be some basis in the record for the decision. The court’s discretion is not unlimited particularly in the face of a binding written contract between the parties. After a thorough review of the record in this case, we can find nothing to support the denial of the preliminary injunction, and appellee has failed to specifically point out the basis for the ruling. We, therefore, reverse the decision of the trial judge and remand the matter with directions to enter an order granting the preliminary injunction.
REVERSED AND REMANDED.
LETTS and DELL, JJ., concur.