445 So.2d 719 (1984)
Thomas CAPRARO, Appellant,
v.
LANIER BUSINESS PRODUCTS, INC., Appellee.
No. 83-2429.
District Court of Appeal of Florida, Fourth District.
February 29, 1984.
*720 Edward A. Marod of Gunster, Yoakley, Criser & Stewart, P.A., Palm Beach, for appellant.
Bruce Zeidel of Cohen, Scherer & Cohn, P.A., North Palm Beach, for appellee.
PER CURIAM.
This is an appeal from an order granting a preliminary injunction.
Capraro signed an employment contract with Lanier which provided that "for a period of one year after termination of employment hereunder, ... Employee will not, directly or indirectly, ... demonstrate or sell in the Territory products or services that are competitive with the Products, ... provided further, that nothing contained *721 herein shall prevent Employee from engaging in any activity that is not competitive with the business then being conducted by the Company." "Territory" was defined as Broward, Palm Beach, Okeechobee, Martin and Indian River Counties, and "Products" was defined as text writing, dictating, telephone answering, and computer equipment. Capraro left Lanier and immediately began working for Wang selling data processing systems with text writing capability. Lanier sued Capraro for breach of their covenant not to compete and applied for a temporary injunction, which was granted. Capraro appeals.
In order to state a cause of action for injunctive relief against one who violates a covenant not to compete, the complaint must allege a contract with an appropriate clause, the defendant's "intentional, direct and material breach thereof," and "no adequate remedy except by injunctive relief." Silvers v. Dis-Com Securities, Inc., 403 So.2d 1133, 1136 (Fla. 4th DCA 1981). Irreparable injury is presumed in these cases. Id. The court also notes that "money damages, if susceptible of reasonable proof, may not compensate for all aspects of such a violation. Injunctive relief is therefore the favored remedy." Id., at 1137; Capelouto v. Orkin Exterminating Co. of Florida, 183 So.2d 532 (Fla. 1966). Furthermore, a temporary injunction must be affirmed on appeal if there is evidence in the record to support findings of the existence of the above elements. Id.
Capraro first claims that Lanier did not prove irreparable injury. Such proof is unnecessary because irreparable injury is presumed. Silvers, at 1136. Lanier introduced evidence of a contract that prohibited Capraro from selling text editing and other equipment in Palm Beach and other counties. Lanier also introduced evidence that Capraro was selling a competitor's text editing equipment in Palm Beach County. Because money damages are presumed to be inadequate and because irreparable injury is also presumed, the record supports the issuance of an injunction.
Capraro next claims that he introduced evidence that the contract was invalid. Even where the validity of the contract is placed in dispute, however, a judge may in his discretion grant a temporary injunction. Hollender v. S.R.F., Inc., 321 So.2d 627 (Fla. 4th DCA 1975). Capraro's evidence consisted of evidence that he was assured that the clause would not be enforced against him and that the clause was not enforced against others who had left Lanier. Such evidence may present a claim for equitable estoppel or damages against Lanier, but Hollender implies that the appellate court should rarely disturb a judge's preliminary factual assessment of this issue. Instead, the issue is best left to be explored at a full trial on the merits. Hollender, at 628.
Capraro also claims that the contract was breached by Lanier. The contract, he claims, obligates Lanier to tell him trade secrets. If he was not told such secrets, Lanier cannot enforce other provisions of the contract. This claim that the language about trade secrets creates an enforceable dependent covenant was not accepted by the trial court and is not sufficiently established to mandate reversal of the trial court's order. Cf. Suave Shoe Corp. v. Fernandez, 390 So.2d 799 (Fla. 3d DCA 1980).
Capraro also argues that the lack of specific proof of harm to Lanier should be fatal. As noted above, injury is presumed in these cases. Silvers, at 1136. Capraro may actually be claiming that the covenant is unreasonable, as his reference to the holding of Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974), indicates. Such clauses will be enforced "within a reasonably limited time and area." § 542.33, Fla. Stat. (1981). In Silvers, a one-year limitation was found to be reasonable. Id., at 1136. In the present case, while Capraro worked for Lanier only in Palm Beach County, the clause prohibited him from competing in a five-county area. The contract showed that this area was controlled by a central office in Fort Lauderdale. Capraro, through this office, could have had *722 access to information relevant to any of these counties. Thus, it is reasonable to exclude him from these counties. Furthermore, Capraro's clause was limited to specific product lines. Again, these lines were so closely related that Capraro might have had access to information about any of them. Therefore, we cannot disturb the trial court's implied ruling that the scope of the clause was reasonable.
Next, Capraro argues that the injunction does not comply with Florida Rule of Civil Procedure 1.610(d). This rule reads:
(d) Form and Scope. Every injunction and temporary restraining order shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document and shall be binding on the parties to the action, their officers, agents, servants, employees and attorneys and on those persons in active concert or participation with them who receive actual notice of the order.
Clearly, the final order describes the acts restrained. Thus, Capraro must claim that the reasons for entry are not sufficiently specified. As noted above, Silvers only demands proof that a valid covenant not to compete was violated. The order states that Capraro's present employment "is in violation of his employment agreement" with Lanier. Thus, the order includes exactly those reasons that Silvers requires.
Finally, Capraro argues that the injunction is too broad. As noted above, we have already concluded that the scope of the injunction is supported. Accordingly, the order of the trial court is affirmed.
ANSTEAD, C.J. and LETTS and BERANEK, JJ., concur.