466 So.2d 212 (1985)
Thomas CAPRARO, Petitioner,
v.
LANIER BUSINESS PRODUCTS, INC., Respondent.
No. 65125.
Supreme Court of Florida.
March 21, 1985.
Edward A. Marod of Gunster, Yoakley, Criser & Stewart, Palm Beach, for petitioner.
Bruce Zeidel of Cohen, Scherer & Cohn, North Palm Beach, for respondent.
SHAW, Justice.
We review Capraro v. Lanier Business Products, Inc., 445 So.2d 719 (Fla. 4th DCA 1984), because of express and direct conflict with Uni-Chem Corp. v. Maret, 338 So.2d 885 (Fla. 3rd DCA 1976). We *213 have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The facts of the case are set forth fully in the district court decision below. For our purposes, Lanier obtained a temporary injunction prohibiting its former employee, Capraro, from breaching his covenant not to compete. There was no showing of irreparable injury. The district court affirmed, holding that where such covenants are violated, irreparable injury is presumed and does not have to be proven. In doing so, the court relied on Silvers v. Dis-Com Securities, Inc., 403 So.2d 1133 (Fla. 4th DCA 1981), which recognized inter-district conflict with Uni-Chem which held that
[n]otwithstanding statutory right to injunctive relief [see: § 542.12, Fla. Stat.], upon proof of a valid covenant not to compete said statutory provision does not negate the necessity of showing irreparable harm as a prerequisite to the granting of a temporary injunction. Wilson v. Sandstrom, 317 So.2d 732 (Fla. 1975).
Uni-Chem, 338 So.2d at 887.
In Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974), we acknowledged that, as a general rule, agreements not to compete were disfavored under common law but that the legislature has created exceptions to this general rule. See § 542.33, Fla. Stat. (1981) (formerly § 542.12). In Miller we recognized that "[t]he court may award damages for breach of contract but the normal remedy is to grant an injunction. This is so because of the inherently difficult, although not impossible, task of determining just what damage actually is caused by the employee's breach of the agreement." 300 So.2d at 12 (citations omitted).
Having determined that injunction is a proper remedy, we face the issue of whether irreparable injury may be presumed upon proof of breach of a valid covenant not to compete. Injury occasioned by such breaches may fall into one or all of three categories: past, ongoing, and potential. To require that a plaintiff prove irreparable injury as a prerequisite to injunctive relief, as petitioner urges, would, in most instances, defeat the purpose of the plaintiff's action. Immediate injunctive relief is the essence of such suits and oftentimes the only effectual relief. It truly can be said in this type of litigation that relief delayed is relief denied. For these reasons we agree with the district court that irreparable injury should be presumed.
Petitioner raises various other points. We agree with the district court's disposition of these points and see no merit in additional discussion.
We approve the decisions of the district court below in Capraro and Silvers. To the degree it conflicts, we disapprove the decision in Uni-Chem.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
OVERTON, J., dissents with an opinion.
OVERTON, Justice, dissenting.
I dissent. The majority opinion approves the improper use by an employer of the equitable injunctive process to enforce against an employee an unreasonable covenant not to compete. It is admitted that there was no showing of irreparable injury to the employer; yet, the employee is denied an opportunity to work in a different county selling different but related products.
In the instant case, the covenant not to compete provided that the employee could not, for a period of one year after termination of employment, demonstrate or sell in the designated territory any products that were competitive with products marketed by the employer, regardless of whether termination of employment was at the instance of the employer or employee. The designated area consisted of Broward, Indian River, Martin, Okeechobee, and Palm Beach Counties. The products covered by the agreement included text-editing, dictating, telephone-answering, and computer equipment. The record shows that the employee, while working for the employer, *214 sold only text-editing products and did not sell dictating, telephone-answering or computer products. Further, his employment was confined to sales in Palm Beach County.
The majority opinion holds that when a covenant not to compete is violated, "irreparable injury is presumed and does not have to be proven." As I explained in my dissent in Keller v. Twenty-Four Collection, Inc., 419 So.2d 1048 (Fla. 1982), this type of holding is contrary to basic equitable principles and places an employee at a distinct disadvantage with his employer. In Keller, the district court of appeal enforced the noncompetition agreement without a finding of irreparable injury, even though it was unrefuted that the employee was discharged without cause. In the instant case, I would agree that the covenant not to compete may properly be enforced in Palm Beach County. This injunction, however, is being enforced to also prevent the employee from working in a different county and from selling a different type of product from that which he was assigned by his enforcing employer. The right to work is a fundamental right in this country and it should not be denied through a covenant not to compete without proof of irreparable harm. If there is to be a presumption of irreparable harm, it clearly should not exist beyond the territory actually serviced by the employee. At the very least, the employer should be required to prove that irreparable harm will result to his business if a former employee is allowed to work in a new territory not serviced by him in his prior employment.
Clearly, the facts in this case do not justify injunctive relief because there has not been any showing of necessity, irreparable harm, or legal damages.
I conclude by reiterating my belief that "we should never, by our laws or court determination, totally restrict an individual from earning a living in his or her chosen calling, particularly when the individual is an employee not used in a management capacity, except when absolutely necessary to prevent irreparable damage." 419 So.2d at 1050. Further, "I strongly urge the legislature to modify or repeal section 542.12 in order that the courts may use proper equitable principles when injunctive relief is sought to enforce noncompetition agreements." Id. at 1050-51.