610 So.2d 15 (1992)
Rajiv CHANDRA, M.D., et al., Appellants,
v.
Gopal GADODIA, M.D., et al., Appellees.
No. 91-2016.
District Court of Appeal of Florida, Fifth District.
November 20, 1992.
Rehearing Denied December 29, 1992.
*16 Susan E. Trench of Goldstein & Tanen, P.A., Miami, for appellants.
Michael H. Kahn, Melbourne, for appellees.
PETERSON, Judge.
Appellants, Rajiv Chandra, M.D., and Medical Specialists and Consultants, Inc. (hereinafter collectively called "Chandra"), appeal the denial of their requests for preliminary injunctions. Chandra sought enforcement of noncompetition agreements contained in two separate employment contracts with Gopal Gadodia, M.D., and Shashin Desai, M.D. (hereinafter called "employees"). We reverse and remand for further proceedings.
Employees responded to Chandra's advertisement seeking internal medicine and cardiology specialists to assist in and expand the operation of a busy medical practice which Chandra had developed over a period of five years in Brevard County. Neither of the employees had ever been to Brevard County before, and Chandra paid their travel expenses for an interview and an inspection of the area. When they accepted the job offer, Chandra also paid for their moving expenses.
Two separate employment contracts were executed prior to the term of employment. Differences in the terms of the contracts between the two employees are unimportant for purposes of this appeal. Included in the provisions were noncompetition agreements which recited that $10,000 of the agreed compensation was for the noncompetition provisions and that, for two years after termination of employment, employees could not practice internal medicine or cardiology in Brevard County or in five of the hospitals located there.
After only five and six months of employment, respectively, both employees simultaneously resigned by letter which indicated dissatisfaction with and disapproval of Chandra's method of operations. The letters also expressed dissatisfaction with Chandra's demand for a higher purchase price for investment in the medical practice than had been set forth in the employment agreements. Additionally, they complained that the noncompetition agreements were unreasonable because, contrary to what Chandra had led them to believe, the practice was not county-wide, and, of the five hospitals listed in the noncompetition *17 agreements, Chandra had privileges in only one.
After resigning, the employees brought actions for rescission of the employment contracts, for damages for fraud and for injunctive relief to prevent Chandra from enforcing the noncompetition agreements. Chandra responded, inter alia, by asking for enforcement of the noncompetition agreements, together with a preliminary injunction.
The trial court denied Chandra's request for a preliminary injunction. In doing so, however, it stated that, based on the law as it existed prior to June 28, 1990, the effective date of the 1990 amendment to section 542.33(2)(a), Florida Statutes (1989), it would have granted an injunction in Chandra's favor. See, e.g., Capraro v. Lanier Business Products, Inc., 466 So.2d 212 (Fla. 1985). The trial court denied injunctive relief based on Hapney v. Central Garage, Inc., 579 So.2d 127 (Fla. 2d DCA 1991), review denied, 591 So.2d 180 (Fla. 1991), which held that the June 29, 1990, amendment applied retroactively to contracts already in existence. While the trial court felt constrained to follow Hapney, it noted its disagreement with the conclusion reached in Hapney that the amendment to the statute should be applied retroactively.
Section 542.33(2)(a), prior to the amendment, provided:
[O]ne who is employed as an ... employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area ... so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction.
Chapter 90-216, Section 1, Laws of Florida, amended section 542.33(2)(a) on June 28, 1990, by adding the following:
However, the court shall not enter an injunction contrary to the public health, safety, or welfare or in any case where the injunction enforces an unreasonable covenant not to compete or where there is no showing of irreparable injury. However, use of specific trade secrets, customer lists, or direct solicitation of existing customers shall be presumed to be an irreparable injury and may be specifically enjoined. In the event the seller of the goodwill of a business, or a shareholder selling or otherwise disposing of all his shares in a corporation breaches an agreement to refrain from carrying on or engaging in a similar business, irreparable injury shall be presumed.
We likewise disagree with the above conclusion reached in Hapney, reverse the trial court's refusal to grant Chandra's request for a temporary injunction, and respectfully reach conflict with Hapney for the reasons discussed below.
In Capraro, 466 So.2d 212, the supreme court approved the holding of the fourth district that, where an employee breaches a covenant not to compete, irreparable injury is presumed and does not have to be proven. At the same time, the supreme court disapproved of Uni-Chem Corporation of Florida, Inc. v. Maret, 338 So.2d 885 (Fla. 3d DCA 1976), which held that:
Notwithstanding statutory right to injunctive relief, upon proof of a valid covenant not to compete said statutory provision does not negate the necessity of showing irreparable harm as a prerequisite to the granting of a temporary injunction. Wilson v. Sandstrom, 317 So.2d 732 (Fla. 1975).
Id. at 887 (citation omitted).
Justice Overton dissented in Capraro because there had been no showing of necessity, irreparable harm, or legal damages as a prerequisite to issuing the injunction. Capraro, 466 So.2d at 214 (Overton, J., dissenting). Further, Justice Overton disapproved the use of an injunction to enforce an unreasonable covenant not to compete. Id. at 213. Justice Overton urged the legislature to modify or repeal section 542.12 to require the courts to use proper equitable principles when injunctive relief is sought to enforce noncompetition agreements.
This court's decision in Sentry Insurance v. Dunn, 411 So.2d 336 (Fla. 5th DCA *18 1982), review denied, 419 So.2d 1196 (Fla. 1982), also used the rule of law later adopted by Capraro. In Sentry Insurance, this court relied upon Silvers v. Dis-Com Securities, Inc., 403 So.2d 1133 (Fla. 4th DCA 1981), in which the fourth district held that irreparable injury need not be alleged or proven in cases involving the violation of a covenant not to compete since injury was presumed from the violation. Silvers also held that, in seeking injunctive relief to enforce a noncompetition covenant, it is "necessary only to allege: (a) The contract (b) The [former employee's] intentional direct and material breach thereof. (c) No adequate remedy except by injunctive relief." Silvers, 403 So.2d at 1136.
In Hapney, the majority held that the trial court erred in enforcing by injunction an agreement between the employee, an auto and truck air conditioning mechanic, and the employer, an auto and truck air conditioning repair shop. The contract prohibited the employee from offering similar products or services for a period of three years in a multicounty area. The pertinent part of the agreement indicated that it was designed to restrain competition as opposed to protecting trade secrets, customer lists, and solicitation of employer customers. The majority held, inter alia, that, to obtain an injunction, an employer must plead and prove a legitimate business interest to be protected as the foundation of a covenant not to compete. Further, the Hapney majority held that a covenant not to compete which prohibits competition per se violates public policy. The court recognized protection of trade secrets and customer lists, and prevention of direct solicitation of existing customers as legitimate business interests per se subject to protection.
The Hapney majority concluded that Capraro and the second district's previous en banc opinion in Sarasota Beverage Co. v. Johnson, 551 So.2d 503 (Fla. 2d DCA 1989), conditioned the granting of an injunction on the existence of a "valid" contract, the validity of which was dependent upon whether the contract protected a legitimate business interest. In an attempt to distinguish Capraro, the Hapney majority noted that "Capraro deals with presumptions and burden of proof, not the validity of the underlying contract." Hapney, 579 So.2d at 132. The Hapney majority concluded: "Although Capraro contested the covenant's enforceability on grounds of estoppel, the issue of a protectible interest was not presented." Hapney, 579 So.2d at 132.
We respectfully disagree with the Hapney conclusion after reviewing the fourth district's opinion in Capraro v. Lanier Business Products, Inc., 445 So.2d 719 (Fla. 4th DCA 1984), wherein the fourth district set forth the six arguments made by Capraro to escape enforcement of the noncompetition portions of his employment agreement: (1) The employer failed to prove irreparable injury; (2) the contract was invalid; (3) the employer breached the contract (this appears to be the estoppel defense noted by the Hapney majority); (4) there was a lack of specific proof of harm to the employer; (5) the injunction was not in conformance with the Florida Rules of Civil Procedure; and, finally, (6) the injunction was too broad.
We believe that Capraro's first, second, and fourth arguments addressed the issue of whether the employer had a protectible interest. The issue was also squarely before the supreme court in its subsequent review when it agreed with the fourth district that irreparable injury should be presumed. While its ultimate decision may have been based upon procedural niceties, the supreme court had before it the published opinion of the lower court detailing Capraro's multiple defenses. Additionally, the fourth district's opinion sets forth the pertinent portions of Capraro's contract that was the subject of the appeal. The contract revealed that prohibition of competition was the primary objective of the employer:
[F]or a period of one year after termination of employment hereunder ... Employee will not, directly or indirectly ... demonstrate or sell in the Territory products or services that are competitive with the Products ... provided further, that nothing contained herein shall prevent Employee from engaging in any activity *19 that is not competitive with the business then being conducted by the Company.
Capraro, 445 So.2d at 720-21. We conclude from our review of the two Capraro opinions that both the fourth district and the supreme court had before them a rather simple noncompetition clause and that both courts considered and rejected the concept of a protectible interest after the appellant, Capraro, raised the defense of invalidity.
We agree with the reasoning in Judge Lehan's dissent in Hapney that the pre-1990 statute contains no condition that the employer must show, as a condition precedent to the validity of a covenant not to compete entered into by an employee, the existence of a legitimate business interest of the employer to be protected. The statute sets forth the two requirements for validity  time and area  and implies that there are no other requirements. Expressio unius est exclusio alterius. The expression of one thing is the exclusion of another. These two requirements have been relied upon by legal draftsmen and by the Florida judiciary[1] for preamendment agreements for many years, and we see no reason to impose additional requirements in such contracts pursuant to the preamendment statute.
Does the June 29, 1990, amendment affect agreements which Chandra and the employees made prior to the amendment? The answer depends upon whether the amendment is remedial or whether it affects an underlying substantive vested right. If the latter, the amendment would operate prospectively and is not applicable in the instant appeal. Young v. Altenhaus, 472 So.2d 1152, 1154 (Fla. 1985). Remedial statutes, however, and those affecting procedure are generally held applicable to all pending cases. Id. The Hapney majority seems to have determined that the amendment was remedial by finding that section 542.33 has always required the employer to plead and prove the underlying protectible business interest. According to the Hapney majority, the amendment merely refines the relief available by categorizing the burden of proof in relation to the protectible interest at issue and clarifies that the general principles of equity shall apply.
We believe that the amendment affects an underlying substantive vested right. Prior to the 1990 amendment of section 542.33, a complaint alleging the existence of a contract, an intentional, direct, and material breach of that agreement, and the lack of an adequate remedy except by injunctive relief stated a cause of action under the statute for a preliminary injunction. Sattellite Industries, Inc. v. Stutz, 437 So.2d 222 (Fla. 4th DCA 1983); see also Silvers, 403 So.2d 1133. A showing of irreparable harm, an element required by equity to obtain injunctive relief in other actions in Florida, was not necessary when applying for temporary injunctions to enforce noncompete agreements; it was presumed. Capraro, 466 So.2d 212; Xerographics, Inc., 537 So.2d 140; T.K. Communications, Inc. v. Herman, 505 So.2d 484 (Fla. 4th DCA 1987), review denied, 513 So.2d 1061 (Fla. 1987); Cordis Corp. v. Prooslin, 482 So.2d 486 (Fla. 3d DCA 1986). Further, the restraint of competition per se was not prohibited.
The 1990 amendment makes a substantial change in the law by now requiring evidence of irreparable injury and making available a defense of unreasonableness in a general sense rather than the heretofore limited defenses of unreasonableness as to (1) time and (2) area. These are not procedural changes and the amendment is not merely remedial.
In following Hapney, the trial court in the instant case found it unnecessary to resolve whether Chandra, through his business practices, first breached the employment *20 agreement thereby justifying and excusing the actions of the employees. Since we have reversed the denial of the injunction on the Hapney issue, we remand for consideration by the trial court to determine whether the injunction should be denied or granted after considering the remaining issues.
REVERSED; REMANDED.
W. SHARP, and DIAMANTIS, JJ., concur.
NOTES
[1] Prior to the amendment, Florida courts regularly used the injunctive power to enforce noncompetition agreements so long as the time and area limitations of the agreements were reasonable. Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974); Xerographics, Inc. v. Thomas, 537 So.2d 140 (Fla. 2d DCA 1988); Florida Pest Control & Chemical Co. v. Thomas, 520 So.2d 669 (Fla. 1st DCA 1988); Twenty Four Collection, Inc. v. Keller, 389 So.2d 1062 (Fla. 3d DCA 1980), review denied, 419 So.2d 1048 (Fla. 1982).