McDONALD, Justice,
concurring in part, dissenting in part.
I disagree that section 194.211, Florida Statutes (1989), applies to or affects the sale of tax certificates.
There is a substantial difference between property, whether real or personal, and a lien on that property. A tax certificate constitutes a lien on property and not an interest in the property itself. Section 194.211 specifically references property and not liens thereon.
The legislature has provided a statutory means for the cancellation of tax certificates in sections 197.443 and 197.444, Florida Statutes (1991), which includes the circumstance that the tax on the land has been paid. Thus, it would appear that, if a taxpayer prevails in his lawsuit, the tax certificates would be cancelled. If the taxpayer is unsuccessful, then the certificates could be redeemed pursuant to the provisions of section 197.472, Florida Statutes (1991). This appears to be an adequate remedy at law.
As a general rule, a preliminary injunction may only be granted upon a showing of (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) considerations of public interest. Thompson v. Planning Comm’n, 464 So.2d 1231 (Fla. 1st DCA 1985); Playpen South, Inc. v. City of Oakland Park, 396 So.2d 830 (Fla. 4th DCA 1981). In certain instances, the legislature has provided for an injunction to issue automatically upon a specified showing by the party seeking the injunction regardless of whether the four traditional requirements have been met. E.g., § 60.04, Fla.Stat. (1991).* However, there is nothing in section 194.211 that suggests that the legislature intended to eliminate the traditional requirements for obtaining an injunction against the issuance of tax certificates. I conclude that section 194.211 applies to the conversion of tax certificates to tax deeds, but does not apply to the sale of tax certificates themselves. Before an injunction *1101 will issue, all four of the traditional elements must be proved.
The majority opinion correctly holds that Walker was not entitled to enjoin the sale of the tax certificates and, therefore, I join in the result the Court reaches.

 See also Capraro v. Lanier Business Prods., Inc., 466 So.2d 212, 213 (Fla.1985), where this Court held that irreparable harm should be presumed in a suit by an employer seeking a temporary injunction prohibiting its former employee from breaching a covenant not to compete. In Ca-praro we found that to require the plaintiff to prove irreparable injury would defeat the purpose of the plaintiffs action. Id.