639 So.2d 102 (1994)
VILLAGE KEY & SAW SHOP, INC., Appellant,
v.
Joseph GUPTON, Appellee.
No. 93-2461.
District Court of Appeal of Florida, Fifth District.
June 10, 1994.
Rehearing Denied July 14, 1994.
David M. Andrews, St. Augustine, for appellant.
Geoffrey B. Dobson, Dobson, Christensen & Brown, P.A., St. Augustine, for appellee.
PER CURIAM.
Village Key & Saw Shop, Inc. (Village) appeals the final judgment in favor of defendant below, Joseph Gupton, which judgment was entered after a non-jury trial on Village's complaint alleging Gupton's breach of a noncompete clause. Village urges the trial court erred by only partially enforcing the noncompete clause and contends that, pursuant to section 542.33, Florida Statutes (1993), it was entitled to have Gupton enjoined from entering the locksmith and alarm business once the court determined the time and space restrictions of the noncompete clause were reasonable.
Although not noted by either party, because the contract was entered into in 1989, the 1990 amendment to section 542.33 is not applicable. See Chandra v. Gadodia, 610 So.2d 15, 19 (Fla. 5th DCA 1992), review denied, 621 So.2d 432 (Fla. 1993) (holding that the 1990 amendment is to be applied prospectively only and noting that the 1990 amendment now requires evidence of irreparable injury and makes available "a defense of unreasonableness in a general sense rather than the heretofore limited defenses of unreasonableness as to (1) time and (2) area"). The applicable version, section 542.33(2)(a), Florida Statutes (1989) provides in relevant part:

*103 [O]ne who is employed as an ... employee may agree with his employer to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area ... so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction.
Unfortunately, because the parties failed to bring the pre-1990 version of the statute to the court's attention, the trial court applied the amended version when deciding the case.[1] It found the restriction generally unreasonable and decided to enjoin defendant only from further invading Village's customer lists. Under the 1989 statute, "[t]he only authority the court possesses over the terms of a noncompetition agreement is to determine reasonableness of the time and area limitations." Xerographics, Inc. v. Thomas, 537 So.2d 140, 143 (Fla. 2d DCA 1988). If the trial court disagreed with either limitation, the trial court was free to determine and substitute a reasonable term. Dorminy v. Frank B. Hall & Co., Inc., 464 So.2d 154 (Fla. 5th DCA 1985). Sub judice, rather than fashioning a reasonable area or time restraint, the trial court permitted Gupton to continue in competition with Village, limited only by the restriction that Gupton not "further" invade Village's customer lists. Accordingly, we reverse and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH, GOSHORN and GRIFFIN, JJ., concur.
NOTES
[1] Chapter 90-216, section 1, Laws of Florida, amended section 542.33(2)(a), effective June 28, 1990 by adding the following language to the statute:

However, the court shall not enter an injunction contrary to the public health, safety, or welfare or in any case where the injunction enforces an unreasonable covenant not to compete or where there is no showing of irreparable injury. However, use of specific trade secrets, customer lists, or direct solicitation of existing customers shall be presumed to be an irreparable injury and may be specifically enjoined. In the event the seller of the goodwill of a business, or a shareholder selling or otherwise disposing of all his shares in a corporation breaches an agreement to refrain from carrying on or engaging in a similar business, irreparable injury shall be presumed.