656 So.2d 475 (1995)
Joseph GUPTON, Petitioner,
v.
VILLAGE KEY & SAW SHOP, INC., Respondent.
No. 84184.
Supreme Court of Florida.
June 15, 1995.
*476 Geoffrey B. Dobson, Dobson, Christensen & Brown, P.A., St. Augustine, for petitioner.
David M. Andrews, St. Augustine, for respondent.
HARDING, Justice.
We have for review Village Key & Saw Shop, Inc. v. Gupton, 639 So.2d 102 (Fla. 5th DCA 1994), based on conflict with Hapney v. Central Garage, Inc., 579 So.2d 127 (Fla. 2d DCA), review denied, 591 So.2d 180 (Fla. 1991). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
We hold that the 1990 amendment to section 542.33(2)(a), Florida Statutes (1989), should be applied prospectively because it makes a substantial change in the law governing noncompete agreements. Thus, we approve the district court's opinion in Village Key and remand the case to the trial court for entry of an injunction that complies with the pre-1990 version of section 542.33(2)(a). We disapprove Hapney to the extent it holds that the 1990 amendment should be applied retrospectively.
Joseph Gupton owned a locksmith-alarm business. When the business developed financial problems in 1989, Village Key & Saw Shop agreed to buy the business. As part of the purchase agreement, Village Key took over bills and accounts and paid consideration in the form of a $30,000 promissory note.
Gupton went to work for Village Key in May 1989 under an employment contract that included this noncompete agreement:
On termination of employment ... the Employee shall not directly or indirectly engage in competition with the Employer in the territory and for the period specified in this paragraph. As used in this paragraph, "competition with the Employer" means entering or engaging in the business of locksmithing or alarm installation, service or monitoring, either individually, as a partner or joint venturer, as an employee or as an agent, officer, director, or shareholder of any entity or person. The Employee acknowledges that the Employer provides services for the residents of St. Johns County and accordingly agrees not to engage in competition with the Employer within the geographical boundaries of St. Johns County, Florida, for a period of five (5) years after the date of termination of his employment hereunder.
Gupton left his job with Village Key in June 1992. He did not solicit any of Village Key's customers, but a few customers left *477 that company and sought him out. Gupton also started working as a local installer for a large company that nationally advertised the sale and installation of alarm systems. Village Key subsequently sued Gupton for violating the noncompete agreement.
After a nonjury trial on September 1, 1993, the trial judge entered a final judgment that included a permanent injunction expiring in 1997. The judge based the injunction on a 1990 amendment to section 542.33(2)(a), even though the parties had reached their noncompete agreement in 1989.[1]
The injunction restrains Gupton from using any trade secrets that Village Key developed during his employment and from directly soliciting any customers listed on a bill of sale completed when Gupton sold his business to Village Key. The injunction does not apply to customers who transferred their business to Gupton without Gupton's soliciting them. The trial court declined to enjoin Gupton from engaging in a competing business.
On appeal, the Fifth District Court of Appeal found that the 1990 amendment did not apply because the parties entered into their contract in 1989, and the amendment should be applied prospectively. Village Key, 639 So.2d 102. The district court determined that the trial court erroneously applied the 1990 statute to this case because the parties had not brought the pre-1990 version to the court's attention. Id. at 102-03.
The district court reversed and remanded, finding that the trial court erroneously failed to enjoin Gupton from continuing to compete with Village Key. Under the 1989 statute, a court's only authority over the terms of a noncompetition agreement is to determine the reasonableness of time and geographic area limitations. Id. at 103.
We accepted jurisdiction of this case based on express and direct conflict with Hapney, where the Second District Court of Appeal held that the 1990 amendment should be applied retrospectively. 579 So.2d 127.
Gupton presents two issues for our review: First, whether the 1990 amendments to section 542.33 should be applied retrospectively and, second, whether the trial court erred in limiting its injunction to direct solicitation of identifiable customers. Based on our resolution of the first issue, we do not address the second issue.
We have held that a substantive law that interferes with vested rights  and thus creates or imposes a new obligation or duty  will not be applied retrospectively. Young v. Altenhaus, 472 So.2d 1152, 1154 (Fla. 1985). Statutes that relate only to procedure or remedy generally apply to all pending cases. Id.
Under the pre-1990 statute, this Court held that irreparable injury need not be proven, but could be presumed when a noncompete covenant was violated. Capraro v. Lanier Business Prods., Inc., 466 So.2d 212, 213 (Fla. 1985). Also, it has been held that a court's only authority over the terms of a noncompete agreement was to determine the reasonableness of the time and area limitations. See, e.g., Xerographics, Inc. v. Thomas, 537 So.2d 140, 143 (Fla. 2d DCA 1988).
In his Capraro dissent, Justice Overton argued that presuming irreparable injury is "contrary to basic equitable principles and places an employee at a distinct disadvantage with his employer." Id. at 214 (Overton, J., *478 dissenting). He made a similar criticism in his dissent to the denial of review in Keller v. Twenty-Four Collection, Inc., 419 So.2d 1048, 1050 (Fla. 1982) (Overton, J., dissenting), where he noted that the majority's construction of the statute prevented the trial court from applying traditional equitable principles that (1) he who seeks equity must do equity and (2) irreparable harm must be shown. Justice Overton urged the legislature to modify or repeal the statute to allow courts to use proper equitable principles when a party seeks an injunction to enforce noncompetition agreements. Capraro, 466 So.2d at 214 (Overton, J., dissenting); Keller, 419 So.2d at 1050-51 (Overton, J., dissenting to denial of review).
The legislature amended section 542.33(2)(a) in 1990 to require evidence of irreparable injury and to extend the definition of unreasonableness beyond time and geographic area. District courts have reached opposite conclusions about how to apply the amendment. In Hapney the Second District held that the 1990 amendment was remedial and should be applied retrospectively because the amendment "merely refines the relief available by categorizing the burden of proof in relation to the protectible interest at issue, and clarifies that general principles of equity shall apply in this class of cases." 579 So.2d at 131. The court held that because the underlying substantive right was not affected, "[t]he statute is therefore remedial and may be applied retrospectively." Id.
The Fifth District, on the other hand, held that the 1990 amendment affected an underlying substantive vested right and should be applied prospectively. Chandra v. Gadodia, 610 So.2d 15, 19 (Fla. 5th DCA 1992), review denied, 621 So.2d 432 (Fla. 1993). The court found that the pre-1990 version of section 542.33 did not require a showing of irreparable harm and did not per se prohibit restraint of competition. Id. at 19. The pre-1990 statute set forth two requirements for validity of a noncompete covenant  time and geographic area  and implied that there were no other requirements. Id.
The Chandra court held that the 1990 amendment makes a substantial change in the law because it now requires evidence of irreparable injury and makes available a defense of reasonableness in a general sense, and not just the previously limited defense as to time and area. Id. The court found that these changes were not procedural, so the amendment is not merely remedial and could not be applied retrospectively. Id.
We find that the 1990 amendment to section 542.33 made substantive changes and should be applied prospectively. Before 1990 courts had very little authority when enforcing noncompete agreements. Irreparable harm was presumed and courts could do little more than determine whether the time and geographic area limitations were reasonable.
We disagree with the Hapney majority's characterization that the 1990 amendment merely refined the relief available by categorizing the burden of proof in relation to the protectible interest at issue, and clarifying that the general principles of equity apply to these cases. By allowing the court to apply traditional equitable principles, the 1990 amendment substantially broadened the courts' pre-1990 authority.
We do not believe, as Gupton argues, that the rule of invited error applies in this case. Under this rule, a party cannot successfully complain about an error for which he or she is responsible or of rulings that he or she has invited the trial court to make. See, e.g., Held v. Held, 617 So.2d 358, 359-60 (Fla. 4th DCA 1993); Behar v. Southeast Banks Trust Co., 374 So.2d 572, 575 (Fla. 3d DCA 1979), cert. denied, 379 So.2d 202 (Fla. 1980); Public Health Trust of Dade County v. O'Neal, 348 So.2d 377, 378 (Fla. 3d DCA 1977).
Village Key has maintained throughout these proceedings that the 1990 amendment was retroactive. The case before us does not involve invited error because Village Key has not changed its position and is not arguing for reversal based on an error that it invited or induced.
Accordingly, we find that the 1990 amendment should be applied prospectively. We approve the decision of the court below and remand the case to the trial court for entry of an injunction that complies with the pre-1990 *479 version of section 542.33(2)(a).[2] In addition, we disapprove the Hapney decision that the 1990 amendment is a procedural change that should be applied retrospectively.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.
OVERTON, J., concurs with an opinion.
OVERTON, Justice, concurring.
I concur only because prior decisions of this court construed the prior statute to grant employers a vested right with regard to the enforcement of noncompete agreements.
NOTES
[1] Section 542.33(2)(a), Florida Statutes (1989), provides in pertinent part:

[O]ne who is employed as an ... employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area ... so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction.
In 1990, language was added to provide as follows:
However, the court shall not enter an injunction contrary to the public health, safety, or welfare in any case where the injunction enforces an unreasonable covenant not to compete or where there is no showing of irreparable injury. However, use of specific trade secrets, customer lists, or direct solicitation of existing customers shall be presumed to be an irreparable injury and may be specifically enjoined.
§ 542.33(2)(a), Fla. Stat. (Supp. 1990).
[2] Because we remand the case for entry of an injunction that complies with the pre-1990 version of section 542.33(2)(a), we do not address whether the trial court erred in limiting its injunction to direct solicitation of identifiable customers. We note that under the 1989 version of the statute, the trial court's authority is limited to determining the reasonableness of time and geographic area limitations.