958 So.2d 605 (2007)
Derek D'AGOSTINO and D'Agostino Racing, Inc., Appellants,
v.
LETHAL PERFORMANCE, INC., Appellee.
No. 4D06-2590.
District Court of Appeal of Florida, Fourth District.
June 27, 2007.
Bruce Botsford of Botsford & White, LLC, Hollywood, for appellants.
Craig J. Trigoboff and Thomas C. Adam of Waldman Feluren Hildebrandt & Trigoboff, P.A., Weston, for appellee.
STEVENSON, C.J.
Derek D'Agostino and D'Agostino Racing, Inc. appeal a temporary injunction entered in favor of Lethal Performance, Inc. For the reasons set forth below, we reverse the temporary injunction to the extent it enjoined the appellants from operating an automotive parts accessory installation facility that installed the same brands of after-market performance enhancing parts as Lethal Performance. In all other respects, we affirm.
In 2005, Jared Rosen, Jonas Cooper and Derek D'Agostino formed Lethal Performance, Inc., an internet retailer of after-market performance parts which caters to owners of specific automobiles. The Shareholders' Restrictive Agreement states in part that the company's shareholders could not "[o]wn, maintain, engage in, or have any interest in any other business which sells products and/or performs any of the various programs and services performed or rendered by the Company." *606 The Agreement further provides that the covenant not to compete would continue to apply for three-years after any shareholder ceased to be a part of the company.
Around the time period that D'Agostino left Lethal Performance, he began operating D'Agostino Racing, a company that distributed automobile parts and operated an installation facility. Thereafter, Lethal Performance sought a temporary injunction that enforced the restrictive covenant. At the conclusion of the hearing held on Lethal Performance's motion, the trial judge informed the parties that, although he was concerned about the companies selling the same products, D'Agostino Racing could install parts sold by Lethal Performance.
We agree with D'Agostino that the trial court erred by including in its written order a restriction on the types of parts D'Agostino Racing could install. "A party seeking temporary injunctive relief must demonstrate: (1) irreparable harm; (2) a clear legal right; (3) an inadequate remedy at law; and (4) that the public interest will be served." Weinstein v. Aisenberg, 758 So.2d 705, 706 (Fla. 4th DCA 2000). "Where a covenant not to compete is violated, irreparable injury is presumed and does not have to be proven to obtain an injunction." T.K. Commc'ns, Inc. v. Herman, 505 So.2d 484, 486 (Fla. 4th DCA 1987). However, the presumption of irreparable harm is rebuttable. See Don King Prods., Inc. v. Chavez, 717 So.2d 1094, 1095 (Fla. 4th DCA 1998). In the absence of evidence showing Lethal Performance operates an installation facility, Lethal Performance has failed to establish that D'Agostino or D'Agostino Racing would violate the Shareholders' Restrictive Agreement by installing the types of parts Lethal Performance sells. Accordingly, we remand this case to the trial court to conform the written order regarding the installation facility to the court's oral pronouncements. We have considered the other issues raised, but find no error.
Affirmed in part, Reversed in part, and Remanded.
STONE and TAYLOR, JJ., concur.