NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL W. SCIAME,                    )
                                      )
          Appellant,                  )
                                      )
v.                                    )          Case No. 2D15-5663
                                      )
VIRGINIA C. SCIAME,                   )
                                      )
          Appellee.                   )
_____)

Opinion filed April 5, 2017.

Appeal from the Circuit Court for
Hillsborough County; Wesley D. Tibbals,
Judge.

Mark A. Neumaier, Tampa, for Appellant

Blair H. Chan, III, Tampa, for Appellee

SILBERMAN, Judge.

          In this postdissolution enforcement proceeding, Michael W. Sciame, the

Former Husband, challenges the trial court's interpretation of a provision in the parties'

marital settlement agreement (MSA) that equitably distributes his pension plan.  The

Former Husband argues that there is a latent ambiguity in the provision and that the

court erred by failing to take parol evidence regarding the parties' intent.  The Former

Husband also argues that the court erred in requiring him to elect survivor benefits in

order to secure the portion of the pension awarded to Virginia C. Sciame, the Former Wife. Because any error as to the taking of parol evidence was invited and the argument that the Former Husband now makes as to that issue was not made in the trial court, we affirm the trial court's interpretation of the provision. But we conclude that the court did not have the authority to require the Former Husband to elect survivor benefits and reverse the amended final judgment of dissolution solely as to that portion of the judgment.

The parties were divorced in 2007 by way of a final judgment of dissolution that incorporated the MSA. The MSA contains a provision dealing with the equitable distribution of the Former Husband's pension plan. The enforcement proceeding arose because the Former Husband's monthly pension payment had increased as a result of his delayed retirement. The Former Wife filed a petition to enforce the final judgment in which she asserted that she was entitled to fifty percent of the pension payment valued as of the date of his actual retirement and not an earlier date contained in the MSA.

At the hearing on the petition, the parties asserted different interpretations of the provision to support their respective positions. Each argued that the contract's plain language was unambiguous. Despite the fact that each party was advocating a different interpretation of the provision, the parties insisted there was no need for the court to take parol evidence. Indeed, the Former Husband argued, "There is no basis I believe for any parol evidence to come in, and I've put in case law on that."

The court entered an amended final judgment of dissolution and noted that "[b]oth parties agree that the language of [the provision] is unambiguous and parole

[sic] evidence is not necessary to determine the meaning of the provision." The court rejected the parties' proposed interpretations and concluded that the provision was unambiguous and fully enforceable as written.

On appeal, the Former Husband has changed his position and argues for the first time that the provision is ambiguous and that parol evidence is necessary to aid in its interpretation. We reject this argument because the Former Husband failed to make this argument to the trial court. See Franklin v. Patterson-Franklin, 98 So. 3d 732, 733 (Fla. 2d DCA 2012). "In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." Id. at 738 (quoting Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005)). Additionally, "a party cannot successfully complain about an error for which he or she is responsible or of rulings that he or she has invited the trial court to make." Gupton v. Vill. Key & Saw Shop, 656 So. 2d 475, 478 (Fla. 1995). Thus, we affirm the equitable distribution of the pension plan.

The trial court also ordered the Former Husband to elect survivor benefits to secure the award. The Former Husband argues that the court was without jurisdiction to require this election because the MSA does not contain a provision requiring security for the pension award. We agree that adding such a provision in an enforcement proceeding effectively modified the equitable distribution award without authority. See Padot v. Padot, 891 So. 2d 1079, 1085 (Fla. 2d DCA 2004).

We therefore affirm the amended final judgment of dissolution with the exception of the requirement that the Former Husband elect survivor benefits.

- 3 -

Affirmed in part, reversed in part, and remanded.


SLEET and BADALAMENTI, JJ., Concur.